## PARTIES - COMPLAINT SUPPLEMENT

(1) Defendant, Jarrod T. Walker, is an individual who resides in the State of Texas, including during the time of complained events.  His last known address, a work address is c/o Texas Department of Criminal Justice, 1212 N. Velasco St., Suite 103, Angleton, TX 77515.  He is sued in individual capacity.

(1) Defendant, Damiola Akinfolarin is an individual who resides in the State of Texas. At the time of events complained of against him, he was a security manager at M5250 Apartments, or employed at M5250 Apartments. His last verified telephone number is 346-303-2359. His last known address is 7547 Highland Chase Dr., Richmond, TX 77407.

(2) Defendant, Officer J.J. Barbar (#16385), sued in individual capacity, is a HPD officer or was such during the time of events complained of against him/her; and is an individual who resides in the State of Texas.  Ms. Barbar last known address is c/o the HPD place of employment - Houston Police Department 1200 Travis St. Houston, TX 77002.

(3) Defendant, Officer Blenton (#131978), sued in individual capacity, is a HPD officer or was such during the time of events complained of against him/her; and is an individual who resides in the State of Texas.  Ms. Blenton last known address is c/o the HPD place of employment - Houston Police Dept., 1200 Travis St. Houston, TX 77002.

(4) Defendant, Officer J.D. Tallant (#155586), sued in individual capacity, is a HPD officer or was such during the time of events complained of against him/her; and an individual who resides in the State of Texas.  Tallant's last known address is c/o the HPD place of employment - Houston Police Department 1200 Travis St. Houston, TX 77002.

(5) Defendant, Officer M. Meyer (#155268), sued in individual capacity, is a HPD officer or was such during the time of events complained of against him; and is an individual who resides in

the State of Texas.  Mr. Meyer last known address is c/o his HPD place of employment - Houston Police Department 1200 Travis St. Houston, TX 77002.

(6) Defendant, Officer M. A. Reyes (#132896), sued in individual capacity, is a HPD officer or was such during the time of events complained of against her; and is an individual who resides in the State of Texas.  Mr. Reyes last known address is c/o his HPD place of employment - Houston Police Department 1200 Travis St. Houston, TX 77002.

(7) Defendant, Veronica Nelson ("ADA Nelson"), sued in individual capacity, is a resident of the State of TX.  During the events complained of against her, she was an assistant district attorney & co-conspirator within the Harris County District Attorney's office in Houston, TX.  ADA Nelson may be served process at listed 1201 Franklin St Rm 7, Houston, TX 77002-1929.

(8) Defendant, John Patrick Denholmn II ("ADA Denholm"), sued in individual capacity, is a resident of the State of Texas.  At the time of events complained of against him, he was an assistant district attorney & co-conspirator within the Harris County District Attorney's office. ADA Denholmn's last address (unverified) via disclosed & confirmed next of kin address 3517 Silverwood Dr., Carrollton, TX 75007-6068.  Plaintiff recently communicated to him via said next of kin (J. Denholm), at telephone no. 214-264-3761.

(9) Defendant, Patrick Drake, is a resident of the State of Colorado, but practices law, offices, & does business in Texas. At the time of events complained of against him, he was & co-conspirator & an attorney for M5250 Apartments corporate entity.  *Inter alia*, his wrongful actions with & for the illegal behalf & benefit of M5250, Michael Andrews, Damiola, HPD, Harris County, Harris County District Attorney's Office, & their officer co-conspirators, resulted in criminal evidence tampering and fabricated evidence (e.g., fabricated & criminally altered video footages of M5250) presented, and used as leverage to deprive Plaintiff(s) of

liberty, property, equal protection, & due process rights; & harm Plaintiff(s).  His last verified telephone number is 303-454-5446; email address: pdrake@messner.com; & office address (Bar verified) – 6465 Greenwood Plaza Blvd Ste 650 Greenwood Vlg, CO 80111-7103.

(10)    Defendant, Michael Andrews, is a resident of the State of TX. At the time of events complained of against him, he was co-conspirator & a Custodian of Records/Manager at M5250 Apartments, or employed at M5250 Apartments. *Inter alia*, his wrongful actions with & for the illegal behalf & benefit of M5250, Patrick Drake, Damiola, HPD, Harris County, Harris County District Attorney's Office, & their officer co-conspirators, resulted in criminal evidence tampering and fabricated evidence (e.g., fabricated & criminally altered video footages of M5250) presented, and used as leverage to deprive Plaintiff(s) of liberty, property, equal protection, & due process rights; & harm Plaintiff(s).  His last verified telephone number is 346-303-2359. His last known address is 7547 Highland Chase Dr., Richmond, TX 77407.

(11)    Defendant, ADA Garrett Gill Moore, sued in individual capacity, is a resident of the State of TX.  During the events complained of against him, he was an assistant district attorney & co-conspirator within the Harris County District Attorney's office in Houston, TX.  ADA Moore may be served process at Tx state bar listed address 1201 Franklin St Rm 6, Houston, TX 77002-1929.

*Inter alia*, Garrett Moore acted to further the ongoing conspiracy within District Attorney's Office & staff, HPD & staff, Harris County & staff, & Defendants, to target Plaintiff and deprive him of his liberty via malicious prosecutions, false or fabricated evidence, refusal to investigate, false arrests & false detentions (including pre-trial detentions)

Moore was provided exculpatory evidence by state's witness; knew of Tx stand your ground laws, & that the police report even stated self-defense for Plaintiff; knew & had clear

evidence of Plaintiff's innocence & the refusal of HPD co-conspirators to investigate – per the body camera footage of the false arrest & detention of Plaintiff in HC Crim Cr. 15 Cause 2214242.

He & Tecle also actively acted to further the ongoing conspiracy within District Attorney's Office & staff, HPD & staff, Harris County & staff, & Defendants, to target Plaintiff and deprive him of his liberty via malicious prosecutions, false or fabricated evidence, refusal to investigate, false arrests & false detentions (including pre-trial detentions).

Plaintiff always dealt with Garrett Moore & Edekel Tecle, but each would refer to the other as chief, and claim that the other was the decision maker to dismiss the case, and that the case would not be dismissed.  They then conspired to dismiss the case on fraudulent terms that never occurred, by obtaining a void dismissal order that deny Plaintiff of due process (1) right to hearing on his filed motions (e.g. *Franks v. Delaware* motion on file in the case for failure to investigate, motion for speedy trial), (2) right to trial on the merits, (3) right to fair hearing on probable cause & determination before an impartial judge/magistrate, & (4) right against liberty deprivation caused by the inability to expunge the case/arrest/matter & the others.

The void and fraudulent dismissal order also illegally/unconstitutionally covers up the obstruction of justice activities of the govt. Defendants & their co-conspirators; as M5250 & their staff criminally altered the video evidence Plaintiff subpoenaed for his defense & that the state subpoenaed for their malicious prosecution, in such a manner that (a) it was clearly manipulated as it lacked required date & time stamps, (b) the sequence & timing of events were clearly criminally edited & altered, (c) the criminally edited & altered video footage provided, was edited to match the false allegations of Defendants involved (e.g., Damiola & Reyes), & (d) removes &/or excludes material camera footages & captured evidence.  The

dismissal then precludes any consideration of such evidence to support Plaintiff's innocence & no probable cause for the action; *inter alia*.

Plaintiff hired attorney (Ike O.) in the 2214242 case when Moore & Tecle refused to end their malicious prosecution, unreasonable search & seizure, & effects of the pre-trial liberty deprivation on Plaintiff. Ike was then a court appointed counsel whose wife was an ADA. The moment he signed on in Cause 2214242, he reminded Plaintiff that Plaintiff was the target, and was being targeted by the DA's office & various Harris County judges. Hence Plaintiff had **another** personal notice of the ongoing conspiracy to unreasonably target & harm Plaintiff personally, financially, professionally, etc.; including by subjecting Plaintiff to, or depriving him of his liberty, property, & other constitutional rights.

The void dismissal order wrongly frames Plaintiff, the victim of assault & battery who was entitled to defend himself against assailant, as perpetrator. Hence, *inter alia*, the void dismissal order & probable cause order (a) evades/impedes due prosecution against Damiola, as Plaintiff sought, per Officer Reyes; & (c) harms, impedes, hinders, or deters due course of law/justice on Plaintiff's CLEAR 1st & 14th Amendment petition & equal protection rights to assault, battery, & civil rights false arrest & false detention claims.

*Inter alia,* Plaintiff also seeks to enjoin, impugn, &/or vacate the void & irreparably harmful Crt. 15 orders in Cause 2214242, as they are entered without due process. Plaintiff seeks such via this case's sought Sect. 1983 injunction or Sec. 1651 extraordinary writ.

(12)   Defendant, ADA Edekel Tecle, sued in individual capacity, is a resident of the State of TX. During the events complained of against him, he was an assistant district attorney & co-conspirator within the Harris County District Attorney's office in Houston, TX. Tecle may be served process at Tx state bar listed address 815 Walker St., Ste. 1047, Houston, TX 77002; or

at (unverified) address: 11 Devonshire Dr., Conroe, TX 77304. Tecle Tel #: 972-697-8878. The same allegations for Moore, apply to Tecle.

(13)   Defendant, Harris County District Attorney, Kim Ogg, is a resident of the State of Texas. At the time of events complained of against him/her, he/she was Harris County's district attorney. *Inter alia*, Kim Ogg was emailed, noticed, & alerted of the wrongful, malicious, fraudulent, & unconstitutional harmful actions (including conspiracy activities) of her assistant district attorney staff, Harris County Constables, various HPD officers, & various judges within Harris County to target &/or harm Plaintiff.

She was emailed & aware of *inter alia*, abuse of authority of HPD & Harris County persons & their co-conspirators, & of the void criminal proceedings, unreasonable searches & seizures, invasions of privacy, equal protection & due process violation conspiracies illegally or unconstitutionally waged against & harmfully effectuated upon Plaintiff; including in Harris County Cause Nos. 201917921 (Void Civil Protective Order), 1648314 (void criminal agg. assault felony charge), 1745037 (void criminal burglary felony charge), & 1648314A (void *scire facias* bond forfeiture proceeding). *Inter alia*, she also participated in the void protective order's appeal in Texas appeal courts (Tx. 14th Court of Appeals, Cause No. 14-19-00426-CV, *Ernest Adimora-Nweke v. Hannah Olivia Yarbrough*).

Kim Ogg, sued in individual & official capacity, address is Harris County District Attorney's Office, 500 Jefferson St. Ste. 600, Houston, TX 77002-7368.

(14)   Defendant, Deputy Chad Schoenvogel (#533), sued in individual capacity, is a resident of the State of Texas and was a Harris County Constable Precinct 5 police officer participant during & in the complained events. His last known address is Harris County Constable Precinct 5, 17423 Katy Freeway, Houston, TX 77094.

(15)     Defendant, Deputy Carmelo Aponte (#547), sued in individual capacity, is a resident of the State of Texas and was a Harris County Constable Precinct 5 police officer participant during & in the complained events.  His last known work address is Harris County Constable Precinct 5, 17423 Katy Freeway, Houston, TX 77094.

(16)     Defendant, Officer D.R. Daniel, III, sued in individual capacity, is a HPD officer & co-conspirator with Cornelia Hartman, Flores, HC, HPD, Roll, & HC ADA Office; or was such during the time of events complained of against him; and is an individual who resides in the State of Texas.  His last known address is c/o his HPD place of employment – c/o Houston Police Department, 1200 Travis St. Houston, TX 77002.

Working in an illegal agreement with Hartman, HC, HPD, & ADA to subject or cause Plaintiff to be deprived of his U.S. Constitutional rights (e.g., liberty, property, unreasonable search & seizure, right of privacy, petition rights, right to counsel, right to counsel of choice, equal protection, & due process rights) D.R. Daniel III & government Defendant co-conspirators Hartman, Flores, Otto, Lawrence, Roll, Martinez, HPD Officer Collins, *et al*, deliberately failed &/or refused to investigate the fabricated/false protective order complaint allegations; including the lack of a search & seizure warrant or supporting affidavit publicly file per statutory due process notice requirement of Tex. Code of Crim. Pro. Art. 18.01(b).[1]

Rather, they *inter alia*, conducted unconstitutional invasion of privacy & warrantless search & seizure of, *inter alia*, (1) Plaintiff[2]; (2) Plaintiff's residential property; & (3) Plaintiff's personal & business iPhone, bank/financial records, & electronic files, which

---

[1] There's a custom or practice within HC & HPD to violate Art. 18.01(b) public notice file law.  Violation of 18.01(b) is jurisdictional (per "notice" due process required of govt. before deprivation of liberty right) error; which can result in fraud &/or after-the-fact created/void "warrants," & unreasonable searches & seizures; just as in Plaintiff's case in HC Crt. 15's Causes 2233594 & 2233595 – with their judgments sought vacated/enjoined/impugned in this case.
[2] Including via the harmful & void liberty depriving Cause 201917921 *ex-parte* protective orders & judgment entered in early March & April 2019; & via the false arrest & detention that occurred on 10/2/2019 & thereafter for Causes 1648314, 1648314A, & 1745037, based on a void deliberately sworn & uninvestigated complaint allegation.

contained *inter alia*, (a) Plaintiff & his private law firm & business work matters,[3] & (b) exculpatory evidence as to (i) the false & fabricated allegations in the Court 280 Cause 201917921 protective order case, & (ii) the false & fabricated allegations in the Crt. 179/351's Causes 1648314[4] & 1745037 void complaint, used to illegally obtain the void indictments.

Many of the exculpatory evidence regarding HC Causes 201917921, 1648314, & 1745037, that were in Plaintiff's iPhone were communications between Plaintiff & HPD & HC witness, Yarbrough.  Daniel III, HPD, HC DA's Office & its ADAs, *et al*, should have obtained the same information from Yarbrough's phone.

Other exculpatory evidence regarding the HC Causes 201917921, 1648314, 1648314A, & 1745037 were in email communications & attached evidence in support, that were already sent to Hartman, Flores, Barron, Stalder's 280 Court staff, HPD, HC Dist. Attorney's Office & other ADAs.[5]  Plaintiff provided them this information long before the illegal institution/filing of the void/false/fabricated allegation complaints in HC Causes 201917921, 1648314, 1648314A, & 1745037.

Plaintiff, while subjected to & caused harmful false arrest & detention in 201917921,

---

[3] E.g. (1) Plaintiffs harmed diamond & gold clients, business relations, vested contracts & contractual rights, & other precious commodities perspective contracts & transactions; (2) Plaintiff's vested *qui tam* & civil rights case contracts being litigated against HC Hospital District *et al*, the clients involved, confidential communications involved, & ongoing activities; (3) Plaintiff & his firm/business' intellectual property, work product, client contact's, business matters & client attorney-confidential emails, files, intellectual property counsel work product, etc.

[4] *See*, "CHARGING INSTRUMENT – COMPLAINT." HC Cause Nos. 1648314, **Document No. 87416976**, Filed on 10/2/2019 at 7:45am, HC Dist. Crt. 351 (orig. 179), Harris County, TX; **Accessible via Harris County District Clerk Criminal Records Search Tab at** https://www.hcdistrictclerk.com/Edocs/Public/search.aspx
   - **NOTE:**  The HC Cause 1648314 sworn complaint, executed by Daniel III, is void because it alleges conducting search & seizure with a warrant that never existed, and was created-fabricated after-the-fact in summer or late 2021 (years after the void Cause 1648314 complaint, & months before the falsely created & fraudulently entered dismissal order in Cause 1648314 & 1745037).

[5] *See e.g.*, "APPLICATION FOR WRIT OF HABEAS CORPUS SEEKING VACATION OF VOID JUDMENTS & ORDERS." HC Cause Nos. 1648314, **Document No. 96265138**, Filed on 6/9/2021 at 2:09pm, HC Dist. Crt. 351 (orig. 179), Harris County, TX; **Accessible online** via https://www.hcdistrictclerk.com/Edocs/Public/search.aspx

1648314A, 1648317, & later 1745037's void liberty & financially harming proceedings, also continuously requested HC, HPD, & the ADAs to conduct proper investigation of the allegations (e.g. *inter alia*, to subpoena, download & review the video camera from Yarborough's apartment complex).[6]

Defendants Hartman, Flores, Daniel III, HC, HPD, HC DA's Office, the HC ADAs, *et al*, & their co-conspirators, refused to duly investigate their fabricated allegations; & *inter alia*, ultimately & harmfully obstructed justice via the void & illegally created dismissal order in HC Dist. Crt. 351 (Originally Crt. 179)'s Cause 1648314 & 1745037.

Yarbrough was/is/remains one of their co-conspirators, personally & intimately involved with ADAs (e.g. Flores), HPD officers, other government personnel/staff, & various other non-government criminal minded minions/co-conspirators/accomplices; whom Defendants deliberately leverage as proxies to (1) execute/commit *inter alia*, (a) harmful illegal/unconstitutional physical & digital invasions of privacy in Plaintiff's personal home & work space, & (b) illegal/unreasonable search & seizure of Plaintiff's personal & professional information, data, work-product, intellectual property, etc; (2) harmfully subject or cause Plaintiff to be deprived of his U.S. Constitutional liberty, privacy, equal protection, & due process rights; & (3) obstruct justice via tampering, manipulating, or destroying evidence (including documents, emails, & text messages) (i) necessary for Plaintiff's defense against their false &/or fabricated allegations in HC Causes 201917921, 1648314, 1648314A, & 1745037, & (ii) necessary for Plaintiff to duly & reasonably exercise/execute his petition right

---

[6] *See e.g.,* "<u>DEFENDANTS 2ND SUPPLEMENT TO COURT ORDERED SUPPL. FOR RETRIEVAL OF PROPERTY, MOTION TO QUASH JUNE 2021 WARRANT, AND RENEWED FRANKS V. DELWARE PROBABLE CAUSE AND SUPPRESS MOTION AND RENEWED MOTION TO VACATE INDICTMENT AND DISMISS CAUSE 1648314 WITH PREJUDICE.</u>" HC Cause Nos. 1648314, **Document No. 98731793**, Filed on 11/2/2021 at 4:56am, HC Dist. Crt. 351 (orig. 179), Harris County, TX; **Accessible via Harris County District Clerk Criminal Records Search Tab at** https://www.hcdistrictclerk.com/Edocs/Public/search.aspx

to redress & duly collect ALL damages.

Rather Daniel III, HPD & its officers/personnel, HC DA's Office & their personnel, & judge Stalder & Roll co-conspirators involved in HC Causes 201917921, 1648314, 1648314A, & 1745037, illegally conducted warrantless & unreasonable searches & seizure of Plaintiff's iPhone and its contents without any knowledge or notice to Plaintiff of the basis of their actions; compromised the integrity & confidentiality of the contracts & Plaintiff's private & professional business matters & files; and harmfully subjected or caused Plaintiff to be deprived of his liberty, privacy, equal protection & due process rights.

As a result of the wrongful unconstitutional &/or co-conspirator actions of Daniel III, HC sub-entities, HC district clerk & staff, the HC court 280, 179, 315, & HC Crim. at Law 15 staff, court coordinators, court sheriffs, & court ADAs, HPD & its staff, Stalder, Hartman, Flores, Yarbrough, HC DA's Office & staff, *et al*, (which continues to occur, or continues to be effectuated via *inter alia*, (a) continued harmful deprivation, or subjection of Plaintiff, to harmful deprivation of liberty & privacy; (b) continued & unreasonable invasion & illegal compromise/exposure of Plaintiff's private personal & professional files, iPhone or subsequent telephone contents, contacts, data, emails, law firm trust/bank account, & personal & professional electronic/digital accounts; & (c) unreasonable harassment, searches & seizures, & invasion of Plaintiff's private home & bedroom) Plaintiff has incurred & continues to incur astronomical personal & professional irreparable harm, & damages.

Plaintiff's resulting damages include, *inter alia*, harm to liberty/freedom, property loss, property damage, insecurity, mental anguish, pain & suffering, emotional distress, embarrassment, humiliation, loss of clients, loss of vested & performed/performing contracts & clients (e.g. the diamond & gold clients), loss of income business opportunities for Plaintiff,

his law firm & business, lost income & opportunities for (other perspective precious commodities clients, contracts/transactions, & revenue.).

(17)    Defendant, Officer Z. Wang (#13150 or #8111), sued in individual capacity, is a HPD officer or was such during the time of events complained of against him; and is an individual who resides in the State of Texas.  His last known address is Houston Police Department, 7277 Regency Square, Houston, TX 77036.

(18)    Defendant, Officer J. Teran (#164259), sued in individual capacity, is a HPD officer or was such during the time of events complained of against him; and is an individual who resides in the State of Texas.  His last known address is Houston Police Department 1200 Travis St. Houston, TX 77002.

(19)    Defendant, Houston Police Department ("HPD"), a government entity; served process via Chief Of Police, Troy Finner, at 1200 Travis St., Houston, TX 77002.  Telephone: 713-308-1600.  Email: Troy.Finner@HoustonPolice.org.

Amongst others, HPD is directly or indirectly responsible/liable due to its wrongful policies, procedures, customs, practices, and its failure to train, supervise, retain, & screen its/the officers, consultants, investigators, detectives, experts, & staff involved in causing Plaintiff(s) unconstitutional liberty, other fed. civil/const. rights, & property deprivations, & resulting harm.

*Inter alia*, one of HPD's complained harmful customs & practices includes (a) failure or refusal to investigate, or adequately & reasonably investigate, allegations; especially when they have ulterior motive to deny targets or subjects (usually within the equally protected minority, men, foreign origin, black, &/or African subgroup.) of their liberty, equal protection, & due process rights, & cause severe harm, pain & suffering, &/or anguish them &/or their

business & family's person, finances, or future opportunities, etc.; just as in Plaintiff's case.

Another complained harmful custom & practice of HPD & its officers is that they institute, execute, participate in, or acquiesce to invidious & insidious conspiracies (i.e., agreements & activities in furtherance of said agreements) with non-government persons/minions/entities, or with government persons such as HC & HC Dist. Attorney's Office entities, subgroups, & staff, to deprive or subject targets or subjects (individuals or entities) to the deprivation of their petition rights, right to [competent] counsel, right to counsel of choice, false arrests & detentions, malicious prosecutions, unreasonable searches & seizures – including of their property, right to privacy, right to fair notice & hearing – including fair hearing **opportunity**, & harming, impeding, or deterring the subjects or target's constitutionally or federal statutory protected right to contract or property rights; just as in Plaintiff's case.

*Inter alia*, including when conspiring with HC, HC Dist. Attorney's Office, & Judges (including Defendants) they falsify material statements, orders, & judges, including under oath, to deny vulnerable subjects (usually within the equally protected minority, men, foreign origin, black, &/or African subgroups) of due process, liberty & property; & even subject to physical pain & suffering (or cause them death); just as in Plaintiff's case (or that of one of his Nigerian clients in the *qui tam* & civil rights case against Harris Health System *et al*).

HPD, HC, HC Dist. Attorney's Office have a long-standing custom or practice of framing vulnerable &/or equal protected persons (usually within the equally protected minority, men, foreign origin, black, &/or African subgroups), as criminals, felons, & repeat offenders; just as they tried to do in Plaintiff's case.

They illegally act &/or achieve such by subjecting such person(s), or causing such

person(s) to be harmfully denied due process fair notice & fair hearing in criminal proceedings – by denying them fair hearing in probable cause determinations.  Once achieved, the void liberty deprivations & resulting (physical, mental, emotions, financial, professional etc.) harm begins; just as in Plaintiff's case.

Other strategy is via denying said vulnerable subjects' equal protection & due process right to speedy trial, while subjecting them to harmful unreasonable searches & seizures, false arrests & detentions, malicious prosecutions; ALL as they clearly tried to do on Plaintiff.

HC, HC DAs, Judges, HPD & HC Sheriff or Constable officers (including Defendants) then also act as muscle enforcers & staff/personnel to coerce, harass &/or intimidate the vulnerable persons from exercising their U.S. Const. rights; including right to redress, right to defense of person or property, or right to defend against claims/charges.

HC, HC DAs, Judges, HPD & HC Sheriff or Constable officers (including Defendants) even leverage extrinsic fraud conspiracies (e.g., evading/disregarding due notice, fair hearing, or fair hearing opportunity for vulnerable, targeted, or subjected respondent/defendants of liberty-depriving proceedings) within themselves or with non-government persons, to deny the targets/subjects/vulnerable persons, of constitutional petition, counsel, fair notice & hearing due process rights; resulting in harm to person, liberty, or property of subjects.  They then obstruct justice via, *inter alia*, evidence tampering or destruction, to evade justice, & cover for themselves & each other; to the unconstitutional harm of the subject/vulnerable persons' equally protected petition & TX due course of law rights.  Just as in Plaintiff's case.

*Inter alia*, HPD is also directly or indirectly responsible for, amongst others, failure or inadequate (a) screening during hiring & retention practices, (b) supervision or management, (c) training, and/or (d) oversight of its Defendants staff & officers.

All complained wrongful actions of HPD, (including the deliberate indifferent actions of its decision makers, via wrongful policies, procedures, customs, practices, and failure to train, supervise, retain, & screen its/the Defendants staff, investigators, consultants, experts, officers, etc.), subjected or caused Plaintiff(s) U.S. Const & civil rights deprivations, and caused - or were substantial factor in causing - Plaintiff(s) unconstitutional liberty, other fed. civil/const. rights, & property deprivations, & resulting harm.

(20)     Defendant, Barbara J. Stalder, sued in individual & official capacity, was the judge of Harris County Dist. Court 280, & co-conspirator; during the period of the complained harmful unconstitutional &/or conspiracy actions that subjected or caused the harmful & unconstitutional liberty deprivation, unreasonable search & seizure, equal protection, due process rights violations & conspiracy, waged & executed against Plaintiff(s); as complained of against her & *inter alia*, ADA Flores, Barron, & Hartman, Yarbrough, HPD's D.R. Daniel III, Randy Roll, & Constables Schoenvogel & Aponte, *et al*. Her last known (Tx. State Bar verified) address is 1001 Texas, St. 600, Houston, TX 77002-3181.

(21)     Defendant, Eva G. Flores, sued in individual & official capacity, was a Harris County ADA & prosecutor in Harris County Dist. Court 280, & co-conspirator; during the period of the complained harmful unconstitutional &/or conspiracy actions that subjected or caused the harmful & unconstitutional liberty deprivation, unreasonable search & seizure, equal protection, due process rights violations & conspiracy, waged & executed against Plaintiff(s); as complained of against her & *inter alia*, Stalder, ADA Hartman, Yarbrough, ADA Barron, D.R. Daniel III, Randy Roll, Constables Schoenvogel & Aponte, *et al*. Her last known address is her Harris County ADA employee address – Harris County Dist. Attorney's Office, 500 Jefferson St. Ste. 600, Houston, TX 77002-7368.

(22)    Defendant, Cornelia A. Hartman, sued in individual & official capacity, was a private practice counsel, a Harris County ADA & prosecutor in Harris County Dist. Court 280, & co-conspirator; during the period of the complained harmful unconstitutional &/or conspiracy actions that subjected or caused the harmful & unconstitutional liberty deprivation, unreasonable search & seizure, equal protection, due process rights violations & conspiracy, waged & executed against Plaintiff(s); as complained of against her & *inter alia*, co-conspirators Stalder, Roll, ADA Flores & Barron, Yarbrough, HPD's D.R. Daniel III[7], Schoenvogel & Aponte, *et al.* Her last known (Tx. State Bar verified) address is her Harris County Assistant District Attorney employee address – Harris County District Attorney's Office, 500 Jefferson St. Ste. 600, Houston, TX 77002-7368.

(23)    Defendant, Elizabeth D. Barron, sued in individual & official capacity, was a Harris County ADA, prosecutor in Harris County Dist. Court 280, & co-conspirator, during the period of the complained harmful unconstitutional &/or conspiracy actions that subjected or caused the harmful & unconstitutional liberty deprivation, unreasonable search & seizure, equal protection, due process rights violations & conspiracy, waged & executed against Plaintiff(s); as complained of against her & *inter alia*, Stalder, ADA Hartman, Yarbrough, ADA Barron, D.R. Daniel III, Randy Roll, Constables Schoenvogel & Aponte, *et al.* Her last known address is her Harris County Assistant District Attorney employee address – Harris County District Attorney's Office, 500 Jefferson St. Ste. 600, Houston, TX 77002-7368.

(24)    Defendant, Judge Damiane Dianne Curvey Banieh, sued in individual & official capacity, is the current judge of Harris County Dist. Court 280; & has become a co-conspirator & has

---

[7] *See*, "<u>MOTION TO DISMISS CAUSE 1648314</u>." HC Cause Nos. 1648314, **Document No. 87906194 & 87606195**, Filed on 10/14/2019 at 6:21pm, HC Dist. Crt. 351 (orig. 179), Harris County, TX; **Accessible via Harris County District Clerk Criminal Records Search Tab at** https://www.hcdistrictclerk.com/Edocs/Public/search.aspx

continued the complained harmful unconstitutional &/or conspiracy actions that subjected or caused the continued & further harmful & unconstitutional liberty deprivation, unreasonable search & seizure, equal protection, due process rights violations & conspiracy, waged & executed against Plaintiff(s); as complained of against *inter alia*, Defendants Stalder, ADA Flores, ADA Hartman, Yarbrough, ADA Barron, HPD's D.R. Daniel III, Randy Roll, Otto, Harkness, Martinez, Lawrence, Schoenvogel & Aponte, Poissant, *et al*.  Her (Tx. State Bar verified) address is Harris County Dist. Court 280, 1200 Congress St., Fl. 1, Houston, TX 77002.  Tel. No. (713) 274-4680.

*Inter alia*, all or most court, staff, or ADA filed documents & entries in causes 201917921, contain fraud/false information created by co-conspirators (including HC staff & court coordinators & clerks), in an illegal agreement and acting in furtherance of the illegal agreement with Defendants including Stalder, Curvey, the ADAs Flores & Hartman, HC DA's office, Roll, Jones, *et al*, to still obstruct, impede, or deter due course of justice in the action for Plaintiff's defense, & on Plaintiff's equal protected civil rights claims; & illegally target &/or harm Plaintiff.

All of Curvey's filings & docket entries contain false factual or legal statements & requests, entered or ordered to (a) frame Plaintiff, (b) make the void judgments & orders in Cause 201917921 appear valid, & (c) deter due course of justice for Plaintiff in vacating the void & flagrantly false *ex-parte* protective orders & judgment achieved without any notice or fair hearing opportunity.  Curvey, as of 2023 July denied Plaintiff of due process fair hearing opportunity to a common law motion to vacate the void protective order judgment.

Also, just as Stalder, Curvey also deliberately disregarded her statutory notice-to-parties obligation under Tx. Fam. Code 83.004, for subsequent motion to vacate the ex-parte

protective order that was filed with the Texas common law entitled motion to vacate the void protective order judgment & *ex-parte* orders.

Curvey illegally shifted the notice burden on Plaintiff, threatened, tried to intimidate, & acted to humiliate & embarrass Plaintiff in her court, refused to hear Plaintiff's entitled case law motion to set-aside or vacate void liberty-depriving judgments & orders, & ordered Plaintiff to file an in-applicable statutory motion to vacate – which effectively makes the null & void (a) 5/14/2019 protective order hearing, (b) 3/11/2019 sworn complaint & its false & fabricated allegations, (c) unserved & un-noticed *ex-parte* orders, & (d) the void 5/14/2019 judgment & compliance order, all illegally entered against Plaintiff without notice or fair hearing, appear valid on public record.[8]

(25)    Defendant, Roy Allen Otto, sued in individual & official capacity, was a Harris County ADA, prosecutor in Harris County Dist. Court 179, & co-conspirator, during the period of the complained harmful unconstitutional &/or conspiracy actions complained of regarding the void HC Causes 1648314, 1648314A, & 1745037; all which subjected or caused further harmful & unconstitutional liberty deprivation, unreasonable search & seizure, equal protection, due process rights violations & conspiracy, waged & executed against Plaintiff(s); as complained of against him & *inter alia*, Stalder, ADA Hartman, Yarbrough, ADA Barron,

---

[8] *See e.g.*, *Hannah Olivia Yarbrough v. Ernest Adimora-Nweke*, HC Court 280, Cause No. 201917921, Docket Sheet 4/26/2023 & 7/10/2023 Entries; *Cf.* Tex. Fam. Code Sec. 83.004 & Tex. Fam. Code Ch. 84;

*See also*, *Yarbrough v. Adimora-Nweke*, "RESPONDENT'S MOTION TO VACATE JUDGMENTS & ORDERS," HC Dist. Ct 280, Case# 201917921, HC TX, Filed 6/12/2023; Avail. @ https://www.hcdistrictclerk.com/Edocs/Public/search.aspx;

*See also*, *Yarbrough v. Adimora-Nweke,* "RESPONDENT'S MOTION TO VACATE JUDGMENTS & ORDERS – SUPPLEMENT WITH ADDITIONAL MATERIAL EXHIBITS," HC Dist. Ct 280, Case# 201917921, Harris County, TX, Filed 7/5/2023; Avail. @ https://www.hcdistrictclerk.com/Edocs/Public/search.aspx;

*See also*, *Yarbrough v. Adimora-Nweke,* "ADDITIONAL [MATERIAL] EXHIBITS," HC Dist. Ct 280, Case# 201917921, Harris County, TX, Filed 7/5/2023; Avail. @ https://www.hcdistrictclerk.com/Edocs/Public/search.aspx

D.R. Daniel III, ADA Harkness, ADA Lawrence, Randy Roll, Constables Schoenvogel & Aponte, *et al*.

(26)    Defendant, Jennifer Layne Lawrence, sued in individual & official capacity, was a Harris County ADA, prosecutor in Harris County Dist. Courts 179 & 351, & co-conspirator, during the period of the complained harmful unconstitutional &/or conspiracy actions in the void HC Cause 1648314 & 1745037; which subjected or caused further harmful & unconstitutional liberty deprivation, unreasonable search & seizure, equal protection, due process rights violations & conspiracy, waged & executed against Plaintiff(s); as complained of against her & *inter alia*, Stalder, ADA Hartman, Yarbrough, ADA Barron, D.R. Daniel III, ADA Otto, ADA Harkness, Randy Roll, Constables Schoenvogel & Aponte, *et al*.

    *Inter alia*, she refused to investigate the complaint & its allegations, & pursued the void indictment in 1745037 with deliberate indifference to Plaintiff's rights, health, & safety – without a valid complaint, & simply to harm.

    *Inter alia*, she also co-conspired with the judge of Court 351 to file & execute the false dismissal motion & order of causes 1648314 & 1745037 – that harmfully obstructs justice as to the fabricated probable cause issue, & denies Plaintiff of due process - without due/required notice to & hearing for Plaintiff.

    Her Tx State bar address is her Harris County Assistant District Attorney employee address – Harris County District Attorney's Office, 1201 Franklin, 4th Floor Houston, TX 77002.  Tel No: 713-247-5800.

(27)    Defendant, Randall Earl Roll, sued in individual & official capacity, was the judge of Harris County Dist. Court 179, & co-conspirator; during the period of the complained harmful unconstitutional &/or conspiracy actions that subjected or caused the harmful &

unconstitutional liberty deprivation, unreasonable search & seizure, equal protection, due process rights violations & conspiracy, waged & executed against Plaintiff(s); as complained of against him & *inter alia* Defendants Stalder, ADA Flores, ADA Hartman, Yarbrough, ADA Barron, HPD's D.R. Daniel III, ADA Otto, ADA Harkness, A. Martinez, ADA Lawrence, Schoenvogel & Aponte, Poissant, Jones, *et al*.

*Inter alia*, with deliberate indifference to Plaintiff's U.S. Constitutional rights, health, & safety, he (a) illegally maintained, oversaw and executed (1) void criminal proceedings via void probable cause findings & orders against Plaintiff in HC Cause 1648314, (2) void *scire facias* bond forfeiture order, proceeding, & judgment in HC Cause 1648314A, & (3) illegally denied Plaintiff of *inter alia*, liberty, due process, & right to counsel of choice in HC Cause 1648314.  His (Tx state bar verified) address is 1818 Driscoll Street, Houston, TX 77019.  Tel. No. (713) 529-5932.

(28)    Defendant, Judge Ana Maria Martinez, sued in individual & official capacity, is the current judge of Harris County Dist. Court 179, & co-conspirator; during period of the complained harmful unconstitutional &/or conspiracy actions that subjects, causes, & maintains the harmful & unconstitutional liberty deprivation, unreasonable search & seizure, equal protection, due process rights violations & conspiracy, waged & executed against Plaintiff(s); as complained of against her & *inter alia* Defendants Stalder, ADA Flores, ADA Hartman, Yarbrough, ADA Barron, HPD's D.R. Daniel III, ADA Otto, ADA Harkness, Randy Roll, ADA Lawrence, Schoenvogel & Aponte, Poissant, Jones, *et al*.

*Inter alia*, HC Cause 1648314AZ dormant writ of *habeas corpus* action, which Plaintiff seeks a 42 U.S.C. Sec. 1983 *Dowbinski* injunction & 28 U.S.C. Sec. 1651 extraordinary writ to resolve per due process rights, harmfully remains dormant & open on her docket without

any hearing or due process resolution. She refuses to transfer the action.

Her (Tx. State Bar verified) address is Harris County Dist. Court 179, 1201 Franklin St., Fl. 18, Houston, TX 77002. Tel. No. (832) 927-4100.

(29)    Defendant, Judge Natalia "Nata" Cornelio, sued in individual & official capacity, is the current judge of Harris County Dist. Court 351, & co-conspirator; during period of the complained harmful unconstitutional &/or conspiracy actions that subjects, causes, & maintains the harmful & unconstitutional liberty deprivation, unreasonable search & seizure, equal protection, due process rights violations & conspiracy, waged & executed against Plaintiff(s); as complained of against her & *inter alia* Defendants Stalder, ADA Flores, ADA Hartman, Yarbrough, ADA Barron, HPD's D.R. Daniel III, ADA Otto, ADA Harkness, Randy Roll, ADA Lawrence, Ana Martinez, Poissant, Jones, *et al*.

*Inter alia*, she conspired with *inter alia*, Defendants, ADA Lawrence, Anna Martinez, HC, & Public Defender Michael Moore – who was once another unconsented counsel fraudulently forced upon Plaintiff by Roll & Martinez, (i.e., forced upon Plaintiff without his consent while illegally depriving Plaintiff of liberty and illegally held in custody in HCJ; possessed conflicts of interest; & actually withdrew before transfer on open court but no withdrawal order signed) to dismiss HC Dist. Crt. 351's Causes 1648314 & 1745037 (1) without any notice to Plaintiff before such dismissal or notice of any such court settings – including for dismissal;[9] (2) with filed motion to retrieve illegally (warrantless) searched & seized iPhone property pending;[10] (3) with filed motion to quash void after-the-fact alleged

---

[9] *See*, "Emergency Motion to Amend/Modify Dismissal Order," HC Cause Nos. 1648314 & 1745037, **Document No. 100001891**, Filed on 1/24/2022 at 12:20pm, HC Dist. Crt. 351, Harris County, TX; **Accessible via Harris County District Clerk Criminal Records Search Tab at** https://www.hcdistrictclerk.com/Edocs/Public/search.aspx; *See also*, [Complaint 1651 *Writ*] Appx. 1712 – 1754.

[10] *See e.g.*, "Emergency Motion for hearing on RENEWED 2nd motion quash and retrieve property, support of Defendant's 2nd Supplement to Court Ordered Suppl. For Retrieval of Property, Motion to quash June 2021 warrant,

warrant that HPD & Harris County officers fabricated over 1 yr later into the Cause 1648314 proceeding to cover their illegal search & seizure of Plaintiff & the iPhone;  (4) with filed writ of *habeas corpus* to vacate the void indictments and probable cause findings in HC Dist. Court 315's causes 1648314 & 1745037, & the void bond forfeiture *scire facias* judgment in HC Dist. Crt. 179's Cause 1648314A; & (5) after perpetuating the deliberate & flagrantly ongoing conspiracy & resulting denial of due process right to counsel of choice for Plaintiff, right against unreasonable search and seizure (e.g., false arrest & false detention, including physical & liberty restraining pretrial detentions, & right against unreasonable invasions of privacy of iPhone, work files, emails, home, etc.), that had already long been occurring to Plaintiff's harm.

 *Inter alia,* the dismissal order contains fraud as it states that probable cause was duly found, when such never occurred nor could occur – per *inter alia*, (a) the void **sworn** complaint in Cause 1648314 & 1745037, (b) that knowingly contains readily ascertainable, material, false & uninvestigated hearsay testimony/allegations, (c) with said complaint & void affidavit used for the void indictments in Causes 1648314 & 1745037 contrary to Texas Code of Criminal Procedure, (d) the lack of any neutrally detached magistrate throughout the cases, & (e) lack of any fair notice or hearing for Plaintiff in the proceeding.

 The dismissal order's statement on probable cause finding is further irreparably harmful upon Plaintiff, an attorney; especially per the false, malicious & invidious felony charges/allegations, & since Plaintiff is denied petition & due process fair hearing on motions or *writ* actions sought to vacate them.  Nata & HC Clerks the manipulated the docket to seem as if it was duly dismissed on 1/14/2019.  Plaintiff had no counsel since 2022; & never agreed

---

and Renewed Franks v. Delaware probable cause and suppress motion, and renewed set aside indictment and motion to dismiss cause 1648314 with prejudice." HC Cause Nos. 1648314 & 1745037, **Document No. 99550454**, Filed on 12/22/2021 at 2:16pm, HC Dist. Crt. 351, Harris County, TX; **Accessible via Harris County District Clerk Criminal Records Search Tab** at https://www.hcdistrictclerk.com/Edocs/Public/search.aspx.

to any resets in the cases.  The docket as it stands, is proof of fraudulent government activity, evidence tampering, & obstruction of justice claims actionable under Sec. 1983 & 1985.

*Inter alia*, statute of limitations for Plaintiff's false arrest & false detention claims are tolled until release of restraint.  Plaintiff was still physically liberty restrained via an ankle bracelet when he arrived in court on 2/4/2022 for Causes 1648314 & 1745037.  Plaintiff was not noticed of the dismissal setting that occurred when the actions' dismissal orders were signed.  Hence, Plaintiff lacked knowledge of the dismissals, & was still on an ankle monitor restraint/false arrest & liberty physically restrained, until it was removed on or about 2/4/2022, after Plaintiff arrived.

Therefore, statute of limitations tolls for Plaintiff's Section 1983 & 1985(2) & 1985(3) false arrest, false detention, discrimination, & obstruction of justice equal protection & due process claims against all Defendants, for the 1648314 & 1745037 matters/incidents, lapses on 2/4/2022l or at 11:59pm the following business day after, if 2/4/2024 is a non-business-day.

All or most court or ADA documents & entries, including reset forms, in Causes 1648314A, 1648314, & 1745037, contain fraud/false information created by co-conspirators (including other HPD, HC court staff &/or sheriffs, & HC 179th Dist. Crt coordinator John King), in an illegal agreement & acting in furtherance of ongoing agreement(s) between Defendants including Nata, Otto, Lawrence, HC DA's office, Jones, HPD, *et al*, to still obstruct, impede, or deter due course of justice for Plaintiff's defenses, & on Plaintiff's equal protected civil rights claims; & illegally target &/or harm Plaintiff.

Also, *inter alia*, just as the void & fraud dismissal order is HC Crim. Court at Law 15's Cause 2214242 with ADA Tecle & Moore, the void dismissal orders in HC Dist. Crt. 351's Causes 1648317 & 1745037 also obstructs, impedes, &/or deters due course of justice, &

denies Plaintiff of federal constitutional redress petition, equal protection, & due process rights to Section 1983 false arrest, false detention, & any possible malicious prosecution civil rights claims entitled.  It also precludes Plaintiff's (1) filed request & right to speedy trial, (2) filed request & right to obtain & contest any evidence that were obtained, fabricated, &/or used to falsely indict Plaintiff, & (3) right to confront the [false] witnesses.

Plaintiff seeks to enjoin, impugn, &/or vacate these void & irreparably harmful HC Cause Nos. 1648314 & 1745037 probable cause magistrate & judge findings, & indictments; per lack of due process, & via this action's sought Section 1983 injunction or 28 U.S.C. Sec. 1651 extraordinary writ.

Her work address is Harris County Dist. Court 351, 1201 Franklin St., Fl. 14, Houston, TX 77002. Tel. No. (832) 927-3680.

(30)    Defendant, Judge Tonya DeShea Jones, sued in individual & official capacity, is the current judge of Harris County Crim Court at Law 15, & co-conspirator; during period of the complained harmful unconstitutional &/or conspiracy actions that subjected, caused, & maintains the harmful & unconstitutional liberty deprivation, unreasonable search & seizure, equal protection, due process rights violations & conspiracy, waged & executed against Plaintiff(s); as complained of against her & *inter alia* Defendants HPD, Harris County, Stalder, ADA Flores, ADA Hartman, Yarbrough, ADA Barron, HPD's D.R. Daniel III, ADAs Otto, Lawrence, & Harkness, Randy Roll, Schoenvogel & Aponte, Countiss, Hightower, *et al*.

*Inter alia*, with deliberate indifference to Plaintiff's U.S. Constitutional rights, health, & safety, she (a) illegally maintained, oversaw and executed (1) void criminal hearings & trial proceedings without due process for Plaintiff in HC Causes 2233594 & 2233595; which resulted in harmful void judgements, and continued liberty & property rights deprivations

against Plaintiff.

Also *inter alia*, all or most court or ADA documents & entries, including reset forms, in Causes 2233594 & 2233595, contain fraud/false information created by co-conspirators (including HC staff & court coordinator Virginia Almanza-Cerda), in an illegal agreement and acting in furtherance of the illegal agreement with Defendants including Roll, Jones, HC & its DA's office & staff, HPD & its officers, *et al*, to obstruct, impede, or deter due course of justice in the action for Plaintiff's defense, & on Plaintiff's equal protected civil rights claims; & illegally target &/or harm Plaintiff.

*Inter alia,* Plaintiff also seeks to enjoin, impugn, &/or vacate the void & irreparably harmful Crt. 15 judgments & orders she entered without due process in causes 2233594 & 2233595, via this case's sought Section 1983 injunction or Sec. 1651 extraordinary writ.

Her (Tx. State Bar verified) address is Harris County, 1201 Franklin St., 7th Fl., Houston, TX 77002. Tel. No. (832) 927-3450.

(31)   Defendant, Richard F. Hightower, sued in individual & official capacity, was a judge of 1st Tx Court of Appeals, Pl. 8, & co-conspirator; during period of the complained harmful unconstitutional &/or conspiracy actions that subjected, caused, & maintains the harmful & unconstitutional liberty deprivation, unreasonable search & seizure, equal protection, due process rights violations & conspiracy, waged & executed against Plaintiff(s); as complained of against him & *inter alia* Defendants HPD, Harris County, Stalder, Yarbrough, ADA Flores, Hartman, & Barron, HPD's D.R. Daniel III, ADAs Otto, Lawrence, & Harkness, Randy Roll, Schoenvogel & Aponte, Countiss, Jones, *et al*.

*Inter alia*, with deliberate indifference to Plaintiff's U.S. Constitutional rights, health, & safety, he (a) executed & re-executed unauthorized, illegal or void, harmful, biased,

prejudicial, & unreasonably discriminatory disposition opinions in the void bond forfeiture *scire facias* action, in HC Cause 1648314A; with deliberate indifference to Plaintiff's rights (e.g., to fair proceeding/trial on the issues), health, & safety; & to further perpetuate the inter alia, harmful civil rights conspiracy waged against Plaintiff & his business & finances; & perpetuate the resulting embarrassment, humiliation, liberty deprivation, professional & financial harm on Plaintiff, his business, & his family.[11]

*Inter alia,* Plaintiff also seeks to enjoin, impugn, &/or vacate the void & irreparably harmful judgments & orders Roll, Countiss, & Hightower entered without due process in 1648314, 1648314A, & 01-19-01001-CR, via the sought Section 1983 injunction or 28 U.S.C. Sec. 1651 extraordinary writ in this action.

His (Tx. State Bar verified) address is Texas Court of Appeals, 1st District, 301 Fannin St., Houston, TX 77002. Tel. No. (713) 274-2700.

(32)   Defendant, Julie Countiss, sued in individual & official capacity, was a judge in the 1st & 14th Texas Court of Appeals, & co-conspirator; during period of the complained harmful unconstitutional &/or conspiracy actions that subjected, caused, & maintains the harmful & unconstitutional liberty deprivation, unreasonable search & seizure, equal protection, due process rights violations & conspiracy, waged & executed against Plaintiff(s); as complained of against him & *inter alia* Defendants HPD, Harris County, Stalder, Roll, ADAs Flores, Hartman, Barron, Otto, Lawrence, & Harkness, Yarbrough, Constables Schoenvogel & Aponte, D.R. Daniel III of HPD, Countiss, Jones, *et al*.

*Inter alia,* Plaintiff seeks to enjoin, impugn, &/or vacate all the (void) 1st & 14th Court

---

[11] *See e.g.*, "Memorandum opinion issued," *Ernest Admoren-Nweke v. State of Texas*, Case 01-19-01001-CR, Filed on 2/17/2020, 1st Tx. Court of Appeals, Houston, TX.

of Appeals judgments & orders entered without due process in 1st Court of Appeals Causes No 01-19-01001-CR, NO. 01-20-00012-CR, & NO. 01-20-00014-CR, upon (a) the allegedly Tx. Crim. Code. 44.04 disallowed appeal of Harris County Dist. Court 179's void bond forfeiture *scire facias* judgment, achieved without any due process fair notice or hearing opportunity; & (b) the allowed but fatally impeded appeal of Harris County Crim Crt. 15 Cause No(s) 2233594 & 2233595's void judgement convictions also achieved without due process, also achieved/entered without Texas Criminal Code statutory & U.S. Supreme Court case law due process principles.

   *Inter alia,* Plaintiff seeks to enjoin, impugn, or vacate all said orders & judgments via the sought Sec. 1983 injunction or 28 U.S.C. Sec. 1651 extraordinary writ in this action.

   Countiss's (Tx. State Bar verified) address is Texas Court of Appeals, 1st District, 301 Fannin St., Houston, TX 77002. Tel. No. (713) 274-2716.

(33)   Defendant, Margaret "Meg" Poissant, sued in individual & official capacity, was a judge in the 1st & 14th Texas Court of Appeals, & co-conspirator; during period of the complained harmful unconstitutional &/or conspiracy actions that subjected, caused, & maintains the harmful & unconstitutional liberty deprivation, unreasonable search & seizure, equal protection, due process rights violations & conspiracy, waged & executed against Plaintiff(s); as complained of against him & *inter alia* Defendants HPD, Harris County, Stalder, ADA Flores, ADA Hartman, Yarbrough, ADA Barron, HPD's D.R. Daniel III, ADAs Otto, Lawrence, & Harkness, Randy Roll, Schoenvogel & Aponte, Countiss, Jones, *et al*.

   *Inter alia,* Plaintiff seeks to enjoin, impugn, &/or vacate all the (void) 14th Court of Appeals judgments & orders entered without due process in 14th Court of Appeals Cause NO. 14-19-00426-CV; upon the appeal of Harris County Dist. Crt. 280's Cause No(s) 201917921's

void judgement & orders convictions, also achieved without statutory required notice & fair hearing, nor met U.S. Supreme Court due process principles.

Plaintiff seeks to achieve such via the sought Sec. 1983 injunction or 28 U.S.C. Sec. 1651 extraordinary writ in this action.

Meg's (Tx. State Bar verified) address is Texas Court of Appeals, 1st District, 301 Fannin St., Houston, TX 77002. Tel. No. (713) 274-2716.

(34)    Defendant, Harris County District Attorney's Office, a local government entity, may be served process via Harris County District Attorney, Kim Ogg, at 1201 Franklin St., Ste 600, Houston, TX 77002.

Amongst others, Harris County District Attorney's Office is directly or indirectly responsible/liable due to wrongful policies, procedures, customs, practices, and failure to train, supervise, retain, & screen its/the involved sub-entities, officers, subdivisions, investigators, detectives, experts, consultants, magistrates or criminal hearing officers, & staff involved in causing Plaintiff(s) harm.

All complained wrongful custom & practice actions within Harris County District Attorney's Office (including the deliberate indifferent actions of its decision makers, via wrongful policies, procedures, customs, practices; and if reasonably allowed, failure to train, supervise, retain, & screen its/the involved sub-entities, officers, subdivisions, investigators, detectives, experts, consultants, magistrates or criminal hearing officers, & staff), subjected or caused Plaintiff(s) U.S. Const. & civil rights liberty & property deprivations, and/or caused or were substantial factor to cause Plaintiff(s) unconstitutional liberty, other fed. civil/const. rights, & property deprivations, & resulting harm.

Their wrongful custom or practice includes, *inter alia*, (1) deliberate disregard of civil

rights of citizens, (2) unconstitutional target & harm of vulnerable or equally protected citizens (including such as Plaintiff – black, African origin, Nigerian origin, male, etc.) & (3) illegal invasion of privacy or home, &/or unreasonable searches & seizures of targeted person, (4) deliberate harmful & unconstitutional deprivation of liberty via *inter alia*, false arrests & false detentions, & (5) framing, or illegally acting with co-conspirators/accomplices outside & within HPD, HC, their staff/personnel, & the courts & their staff/personnel, to publicly portray their target(s) as felons &/or repeat offender, subject or cause them to further false arrests & detentions, malicious prosecutions, humiliation, embarrassment, loss of income & income opportunities, family loss/family issues, mental & emotional distress, pain & suffering, & subject them to unreasonable discrimination within the courts, justice system, & society; ALL under the fabricated guise of sovereign, absolute, or qualified governmental immunity shield/protection for the govt wrong-doers & co-conspirators, & their non-govt. co-conspirators.  Just as in Plaintiff's case.

Defendants, including the Judges, HC, HPD, HC DA's Office, their co-conspirator staff/personnel, & their leveraged non-government co-conspirators/minions, deliberately & continuously commit harmful criminal actions against citizens;[12] again (i) under the void guise of "absolute immunity" from civil liability from the harmed targets/subjects, & (ii) with the long-standing & unwritten custom or practice of *inter alia*, not overseeing, supervising, or prosecuting their fellow co-conspirators minions.  Just as in Plaintiff's case.

(35)    Defendant, Harris County, Texas ("Harris County" or "HC") is a duly recognized local government entity in Texas. During all relevant times, HC is the parent entity or employer of

---

[12] Including (i) abuse of authority; (ii) illegal use of government resources to conduct unreasonable searches & seizures, &/or personally profit/benefit from the illegally obtained or seized private property &/or confidential data/information/intellectual property; & (iii) evidence tampering, evidence, files, & documents theft &/or destruction to evade liability or prosecution.

the applicable entities, departments, and/or individual persons or officers involved in causing Plaintiff(s) unconstitutional liberty, other fed. civil/const. rights, & property deprivations, & resulting harm.

Amongst others, Harris County is directly or indirectly responsible/liable due to wrongful policies, procedures, customs, practices, and for failure to train, supervise, manage, retain, & screen its involved staff, officers, investigators, experts, detectives, consultants, magistrates or criminal hearing officers, & personnel involved in causing Plaintiff(s) harm; all within the involved or necessary sub-entities, subdivisions & contractors (e.g., Intoxaloc, HC Sheriff's Dept., HC Commissioner's Office, HC District Clerk or County Clerk, HC Pretrial Services, HC Dist. Attorney's Office, HC Constable(s), HC Public Defenders, etc.) within HC.

HC is also directly or indirectly responsible for, *inter alia*, (a) denying Plaintiff of his duly requested medical records (HIPPA violation) evidence, (b) failure or inadequate (1) provision of necessary or essential health care to detainee Plaintiff, and/or (2) training, supervision, screening, & oversight of its staff, criminal hearing officers, & magistrates, and/or for the sub-entities and/or subdivisions involved.

All complained wrongful actions of HC (including the deliberate indifferent actions of its decision makers via wrongful policies, procedures, customs, practices, and for failure to train, supervise, manage, retain, & screen its involved sub-departments, personnel & officers) subjected or caused Plaintiff(s) U.S. Const. & civil rights liberty & property deprivations, and/or caused, or was substantial factor to cause Plaintiff(s) unconstitutional liberty, other fed. civil/const. rights, & property deprivations, & resulting harm.

HC is served c/o Judge, Lina Hidalgo, 1001 Preston, Suite 911, Houston, TX 77002.

## CULPABLE MENTAL STATE, RELIEFS, & DAMGES – COMPLAINT SUPPLEMENT

### Culpable Mental State

*Inter alia*,

(**1**) all Defendants are alleged to act *inter alia*, fraudulently, &/or with deliberate indifference to Plaintiff(s) constitutional rights, health, &/or safety; & committed invidious & insidious acts;"

### Reliefs

*Inter alia*,

(**2**) Plaintiff requests that the attached 28 U.S.C. Section 1651 writ (actionable in this court per said Sec. 1651) be reviews & granted; & that all relief, orders & judgments sought vacated or granted within said pre-prepared 1651 *writ* (*i.e*., originally meant for U.S. Supr. Crt), be granted for Plaintiff by this Court (including a Sec. 1983 *Dowbinksi* or Sec. 1651 *writ* order or judgment enjoining HC Dist. Crt. 179's Cause 1648314);

(**3**) Plaintiff requests this court to (i) grant independent action in equity & new trial on the claims sought against Defendants in USDC SDTX Cause No. 4:20-CV-04149, Doc. 6, per *FRCP* Rule 60(d)(1), *U.S. v. Beggerly*, & *Hazel Atlas v. Hartford*, (including the Section 1983, 1985, & 1986 claims duly pled against this cases' applicable Defendants), & (ii) vacate the orders & judgments entered in USDC SDTX Cause No. 4:20-CV-04149, as applicable to Defendants.

- They remain un-resolved because of (i) the deceptive/fraudulent denial of Plaintiff's due process & petition rights to summons & service of Defendants by the Tx. State Clerk, & (ii) the federal magistrate in S.D. Tx post removal of the duly filed complaint to S.D. TX in/via 4:20-CV-04149; &

- Their non-resolution maintains the result U.S. civil rights deprivation, irreparable harm,

obstruction of justice, & unresolved damages, & is contrary to public policy principles.

(**4**) as necessary, Plaintiff also requests this court (i) grant the independent action in equity & new trial on the injunctions & class action sought against Defendant HC in USDC SDTX Cause No 4:22-CV-00765's Doc. 14 (which was appealed all the way to the U.S. Supreme Court in SCOTUS Cause No. 22-6773), (ii) vacate all orders & judgements entered against Plaintiff in USDC SDTX Cause No. 4:22-CV-00765, & (iii) grant new trial on merits for claims & class action pled against HC in 4:22-CV-00765; all per FRCP Rule 60(d)(1), *U.S. v. Beggerly*, & *Hazel Atlas v. Hartford*.

<u>Damages</u>

*Inter alia*,

(**5**) Plaintiff requests damage relief under *inter alia*, 42 U.S.C. Sec(s) 1981, 1983, 1985, 1986, & 1988, & against each, any &/or all Defendant(s), & as applicable (including on the additional civil rights claims pled in the Fed. 5th Circuit Cause 22-20476's Sec. 1651 extraordinary *writ*, & that were sought included in 4:22-CV-00765 upon vacate of the sought orders & judgments & remand);

(**6**) Plaintiff(s) requests economic & non-economic compensatory damages, exemplary or punitive damages, & cap-buster punitive damages, against each, any, or all Defendant(s), & as applicable;

(**7**) Plaintiff requests all relief allowed by Fed. & TX law & equity against each, any, & all Defendants, for each/every incident & claim, inclusive of any & all declaratory judgment(s) or class actions sought, & attorney's fees & costs.  *See e.g.*, 42 U.S.C. Sec. 1988.

(**8**) As applicable, & from each Defendant, Plaintiff requests maximum damages for *inter alia*, (a) harm to liberty/freedom, (b) property loss, (c) property damage, (d) insecurity/harm to security, (e) mental anguish, (f) pain & suffering, (g) emotional distress, (d) embarrassment, (h) humiliation, (i) loss of income (i.e., loss of vested & performed/performing contracts & clients. E.g. the diamond & gold clients, etc.); (j) loss of income opportunities (e.g., loss of other perspective precious commodities clients, contracts/transactions, revenue &/or profits.); (k) loss of business' & firm's reputation; (l) professional harm; & (m) harm to personal & professional reputation.

(**9**) *Inter alia*,

(i) Plaintiff demands $750,000,000 in compensatory damages against M5350, HPD, HC, *et al* Defendants, as applicable, for the HC Crim. At Law Court 8 & 15's Cause No. 2210800 & 2214242 events, & the HC Dist. Crt. 182 Cause No. 1598318 events – including for the assault & battery, & obstruction of justice Sec. 1985 damage claims waged;

(ii) Plaintiff demands $1,450,555,970.4 in lost vested contract/income/income opportunity (*i.e.*, for the lost diamonds supply contracts – calc. at 30% of supply value) as compensatory damages against Yarbrough, HC, HPD, Stalder, *et al* Defendants, as applicable, & for the HC Dist. Crt. 280's Cause 201917921 events; &

(iii) Plaintiff's compensatory damages for the lost vested gold supply contract is calculated as 30% the value of gold supplied. (NOTE: 750kgs of Gold (92% purity) in supply stock at the time, 285kg/month (92% purity) supply capacity, & supply/production growth anticipated).

## RELATED CLAIMS – COMPLAINT SUPPLEMENT
## NOTICE OF [POSSIBLE] RELATED CASE & INTENT TO SUPPLEMENT PLEADING WITH ADDITIONAL CLAIMS & PARTIES; & SEEK SEVERANCE (separate actions):

Plaintiff has an action (Fed. 5th Amendment Takings, 42 U.S.C. Section 1981 deprivation of right to contract, trespass on property, invasion of privacy, fraud on title, deed forgery, etc.; all actionable under 42 U.S.C. Sec. 1981, 1983, 1985(2), & 1983) duly pled & filed in Tx State Court around August 2022 (in County Court per the libel claim); that was then removed to USDC SDTX Houston by Defendants in said action; & that was also illegally & fraudulently partly dismissed, & partly remanded back to state court.  *See Ernest Adimora-Nweke v. CenterPoint Energy, North Fort Bend Water Authority, City of Houston*, et al, U.S.D.C. SDTX Houston Division Cause No. 4:22-CV-03155, Doc(s). 41,[13] 54,[14] 60-1,[15] & 27 (Evidence CD).[16]  This is a multibillion-dollar fraud & fed. civil rights suit; & involves Plaintiff, his parents, & their place of residence.

No hearing was granted Plaintiff(s), Ernest Adimora-Nweke & his co-Plaintiff mother, in SDTX Houston post removal to said USDC SDTX Cause No. 4:22-CV-03155.  Rather, Plaintiff was denied due process right to litigate in SDTX; void & invidious liberty-depriving orders & judgments entered against Plaintiff (e.g., one states Plaintiff is married to his mother, contrary to the complaint), to (1) further harm Plaintiff(s) liberty, &/or (2) further obstruct justice on the forgery issue: as *inter alia*, the forged alleged deed (i) bears Plaintiff's name rather than his father's name (i.e., homestead co-owner); & (ii) was forged[17] while Plaintiff was away at TX Tech law.

---

[13] Filed on 11/7/2022, SDTX Houston; Available at https://ecf.txsd.uscourts.gov/doc1/179141672227
[14] Filed on 12/8/2022, SDTX Houston; Available at https://ecf.txsd.uscourts.gov/doc1/179141854620
[15] Filed on 3/20/2022, SDTX Houston; Available at https://ecf.txsd.uscourts.gov/doc1/179142409701
[16] Filed on 10/11/2022, SDTX Houston; Available at https://ecf.txsd.uscourts.gov/doc1/179141508580.
[17] The final recorded document was negotiated, countersigned, & recorded *after* NFBWA & PAS co-conspirators defrauded & fraudulently coerced Plaintiff's parents to sign the signature page of an unnegotiated prior version without fair notice, hearing opportunity, counsel or counsel review opportunity, nor Tx. Property Code Ch. 21 due process compliance requirements.  There was no joint agreement from Plaintiff's parents (e.g., Ngozi), no did they receive or see a copy of the forged recorded document until April 2022.

The fed. SDTX court in 4:22-CV-03155, ruled that Plaintiff lacked standing for any federal civil rights claims, including a 42 U.S.C. Sec. 1983 claim to challenge the forged govt. easement/lease document, that bears Plaintiff's name. The fed. clerk excluded/removed the below duly executed & paper-filed "Declaration of Interests" document.  Plaintiff found out post remand.

State Court has no jurisdiction over the action as the part-dismissal & part-remand orders entered by federal court, lack U.S. Const due process fair notice, hearing, & a non-biased, non-prejudiced, neutrally detached magistrate or judge; hence void/*coram non-judice* act(s).

Plaintiff cannot appeal the FRCP Rule 12(b)(6) dismissal of the federal civil rights claims interlocutory, per the void part dismissal of federal civil rights claims & part-remand of state law claims.  The action remains re-opened in state court, which lacks authority to act; until proper sever & remand of the electricity & telecom inverse condemnation claim, from the other fraud & forged libelous recorded document's Sec. 1983, 1985, 1985 federal claims. *28 U.S.C. Sec. 1441(c)(2)*.

A 28 U.S.C. Sec. 1651 extraordinary writ & 42 U.S.C. Sec. 1983 *Dowbinski* action is necessary & hereby requested, to enjoin the re-opened TX State Court proceeding[18], & the Doc(s) Docs. 37,[19] 39,[20] 44,[21] 55,[22] 57,[23] 62,[24] 64,[25] 65,[26] & 68[27] liberty depriving judgments & orders

---

***Contents of footnotes 13 – 33 cited above & below, the Declaration of Interests attachment below, & the Partial declaratory judgment motion proposed order attachments below, are all incorporated by reference as part of complaint.

[18] *See, Ernest Adimora-Nweke v. CenterPoint Energy et al*, Harris County Civil Court at Law 3, Cause No. 1189868, Filed on 8/24/2022.

[19] Filed on 11/2/2022, Available at https://ecf.txsd.uscourts.gov/doc1/179141643442 (Order for amended pleadings & termination of scheduling conference)

[20] Filed on 11/3/2022, Available at https://ecf.txsd.uscourts.gov/doc1/179141652694 (Order striking Docs. 23 & 24 partial dec. judgment motions)

[21] Filed on 11/8/2022, Available at https://ecf.txsd.uscourts.gov/doc1/179141676359 (Order Denying Pro Hac Vice)

[22] Filed on 2/13/2022, Available at https://ecf.txsd.uscourts.gov/doc1/179142220066 (Notice of Reassignment)

[23] Filed on 2/16/2022, Available at https://ecf.txsd.uscourts.gov/doc1/179142242890 (Order re-denying *pro hac vice* & request to vacate void & libelous order deeming Plaintiff-counsel as co-Plaintiff's husband vs. son)

[24] Filed on 4/20/2022, Available at https://ecf.txsd.uscourts.gov/doc1/179142618208 (Memo. & Recs.)

[25] Filed on 5/5/2022, Available at https://ecf.txsd.uscourts.gov/doc1/179142730525 (Order Accepting Finds & Recs)

[26] Filed on 5/5/2022, Available at https://ecf.txsd.uscourts.gov/doc1/179142730548 (Final Judgment)

[27] Filed on 5/10/2022, Available at https://ecf.txsd.uscourts.gov/doc1/179142750232 (Order Denying Reconsider)

from USDC Cause No. 4:22-CV-03155.  FRCP Rule 60(d)(1) independent action is necessary to (**1**) relieve Plaintiff(s) from prior fatal USDC SDTX Cause No. 4:22-CV-03155 federal court proceeding, its void dismissal judgments, & its void liberty depriving orders entered against Plaintiff(s); & (**2**) grant a new trial on merits of the 03155 action & claims.  Prior dismissals & court errors were not of Plaintiff(s) fault, mistake, nor neglect; but of that of Defendants & SDTX.

City of Houston responded to the action, and pled itself responsible for actions of Houston Police Department.  Invasion of privacy, & unreasonable search & seizure of Plaintiff & his work matters by HPD & their co-conspirators, is also alleged in said action, 4:22-CV-03155.

Hence, 4:22-CV-03155 seem(s)/is a related case that could/should be pled with this action; but must be severed for discovery & trial to preclude (i) confusing the issues, & (ii) perpetuating obstruction of justice; all per subjects at issue, facts, claims, parties & interests involved, damages, sequence of events in USDC SDTX Case No. 4:22-CV-03155's Doc(s). 41, 54, 60-1, & 27).

\*\*\* Said **severance** of Related Claims & their Defendant Parties, for discovery & trial, are **hereby requested.** *FRCP* Rule 21.  They were filed separately from the other actions, occurred separately from the other action's claims, & should be addressed separately. \*\*\*

Plaintiff also duly moves for (**i**) reliefs requested in 4:22-CV-03155's Doc. 41 & 54 (**ii**) the below partial declaratory judgments to clear title, (**iii**) greater of (a) profits disgorgement (all accrued & future unrestricted net reserves) from NFBWA or (b) 30% of all NFBWA net profits (all accrued & future annual net profits – all restricted & unrestricted funds/profits); & (**iv**) personal & property damages, economic & non-economic compensatory damages ($7.7B+, which includes value of all properties that receive electricity &/or telecom from any of Defendant's use &/or benefit of/from the subject property Lot 17, the designed & designated **<u>MASTER KEY/TOLL</u>**), & punitive/exemplary from AT&T, Comcast, CenterPoint, *et al*.

<u>Related Claim – Additional Parties/Defendant(s)</u>:

(1) Defendants, **AT&T Corporation**, and **AT&T Services Inc**. ("AT&T"), is a duly registered Texas entity.  It responded to 03155 suit via **Southwestern Bell Telephone Company d/b/a AT&T,** a duly registered TX entity. They may be served via counsel, Derrick A. Reed, Stephens Reed & Armstrong, PLLC, 2626 South Loop W, Suite 522, Houston, TX 77054. Tel, 281-489-3934.  Email: derrick@srapllc.com.

(2) Defendants, **Comcast Corporation**, **Comcast Holdings Corporation** ("Comcast"),[28][29] and Comcast Cable, are duly registered entities headquartered at 1701 John F. Kennedy Blvd. FL 32 C/O D. Zambrano Philadelphia, PA 19103-2855, and doing business on the subject property independently, or via or with **Comcast of Houston, LLC**. (also "Comcast") was served citation & responded in 03155.  **Comcast Holdings Corporation** lacks a TX registered agent, but may be served process via TX Sec. of State's listed address: 1500 Market St., C/o Comcast Tax Dept. Philadelphia, PA 19102-2100.  **Comcast of Houston, LLC**, **Comcast Holdings Corporation,** & **Comcast Corporation**, may be served process via its 03155 counsel: Frederick William Addison, III; Munsch Hardt Kopf & Harr, PC; 500 N. Akard Street; Suite 3800; Dallas, TX 75201. Tel: 214-855-7570.  Email: raddison@munsch.com.

(3) Defendants, **CenterPoint Energy Inc.** ("HL&P" & "CenterPoint"), is <u>Houston Light & Power</u>'s successor-in-interest, & a duly registered Texas entity. It may be served counsel via General Counsel, **Monica Karuturi,**[30] at CenterPoint Energy, Inc., 1111 Louisiana St. Ste. 264, Houston, TX 77002.  It responded to 03155 suit and alleged **CenterPoint Houston Electric, LLC** & **CenterPoint Energy Houston Electric, LLC**[31] to be Houston Light & Power's successor-in-interest, & duly registered Texas entities.

   • **CenterPoint Energy Houston Electric, LLC** may be served process via its registered

---

[28] Comcast Corporation, Comcast Holdings Corporation, & Comcast of Houston, LLC are altogether and individually be referred to as "Comcast."

[29] Plaintiff, Ernest Adimora-Nweke, noticed and communicated with the General Counsels of Comcast Corporation, including a **Thomas J. Reid** and **Lynn Charytan,** (non-TX resident **putative Defendant(s) to be served process via Comcast PA address**) since Feb 2022, on the matters, and prior to Comcast's further harmful illegal activities on Plaintiffs and the subject property, its owners, residents, invitees, beneficiaries, etc.  Such is basis for §1986 claim per Comcast executives' actual knowledge and refusal to prevent the ongoing conspiracy and harm on Plaintiff(s).

[30] Counsel, Ernest Adimora-Nweke, emailed said Ms. Karuturi on 3/21/2022, on the claims.  HL&P retained counsel who provided Counsel with actual knowledge of the 1966 agreement and the 1977 agreement's additional easement, plat, and replats. HL&P is obligated to defend against the deed terms.  Hence, a basis for also §1986 claim per HL&P executives' long-standing actual knowledge and refusal to prevent the ongoing conspiracy and harm on homeowners.

[31] Defendants CenterPoint Energy Inc, CenterPoint Houston Electric, LLC, CenterPoint Energy Houston Electric, LLC, and Houston Power & Lighting Co. are altogether and individually referred to as "CenterPoint" or "HL&P."

agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201.

- **CenterPoint Houston Electric, LLC** may be served process via CenterPoint Energy Inc.'s General Counsel, Monica Karuturi, at CenterPoint Energy, Inc., 1111 Louisiana St. Ste. 264, Houston, TX 77002.

(4) Defendant, **North Fort Bend Water Authority** ("NFBWA") is a duly registered local government entity. It was & can still be served process via its counsel, Christina L. Miller, (cmiller@abhr.com) at Allen Boones Humphries Robinson, LLP; 3200 Southwest Fwy, Ste 2600; Houston, TX 77027.

(5) Defendants, **Mark Heidaker** is the founder and president of Defendant, **Property Acquisition Services, LLC** ("PAS"), as successor to or d/b/a Defendant, **Property Acquisition Services, Inc.** (also "PAS") a company doing business in Texas, and who along with PAS' board of directors, was involved in the matters complained of. Defendants, **Mark Heidaker**, **Property Acquisition Services, Inc.,** and **Property Acquisition Services, LLC** may be served process via retained counsel John H. McFarland, at Joyce & McFarland LLP; 712 Main Street, Suite 1500; Houston, TX 77002.

(6) Defendant, **Steve Bonjonia** is a Texas resident, and at all relevant times, a Vice President executive at PAS and/or NFBWA, and involved in the illegal actions pled. He responded to 03155 suit via counsel. He may be served via retained counsel, John H. McFarland, at Joyce & McFarland LLP; 712 Main Street, Suite 1500; Houston, TX 77002.

(7) Defendant, **Sean Patrick Kennedy** is a resident of TX, and an employee of PAS during all the relevant times, and involved in the illegal actions pled. He has responded to 03155 suit via counsel. He may be served via retained counsel, John H. McFarland, at Joyce & McFarland LLP; 712 Main Street, Suite 1500; Houston, TX 77002.

(8) Defendants **City of Houston**[32] & **Houston Police Department** ("HPD"), may be respectively served process via (a) City Secretary, Pat J. Daniel, or any other such designated, at 900 Bagby St. Room, P101, Houston, TX 77002; and (b) Troy Finner, Chief of Police, 1200 Travis St., Houston, TX 77002.

---

[32] City of Houston may purport to have an interest in the property, which Defendants may or may not operate upon, and which was not duly obtained per terms of deeds, plat, and replats. HPD are Defendant(s)' co-conspirators per agreement and act in furtherance to execute harmful & illegal invasions, harassment, and operations: 42 U.S.C. claims.

<u>Other Interested Parties to be served or sent file-stamped copies in due course:</u>

<u>Braewood Glen Community Association, Inc</u>. c/o Kathy Ann Terry, The Law Office of Kathy Ann Terry, 12807 Jones Rd., Houston, TX 77070.  (Subject property subdivision's HOA and counsel) Braewood Glen was served process via certified mail in State Court pre removal.

<u>Ken Paxton, Texas AG</u>, Consumer Protection Division, P.O. Box 12548, Austin, TX 78711-2548.

***

<u>DISCOVERY DATE FOR STATUTE OF LIMITATIONS:</u> Facts sufficient for accrual of Plaintiff(s) and/or homeowners' causes of actions were discovered on or after 02/24/2022.

<u>DAMAGE LIMIT</u>:  Plaintiff(s) damages >$1,000,000,000.00.

<u>JURY TRIAL REQUEST</u>:  Plaintiff(s) requests a jury trial.

<u>JURSDICTION & VENUE</u>:  WDTX Midland-Odessa per 28 USC 1331, 1343, §1391[33] & the 42 U.S.C. §1983, §1985, & §1986 claims entitled Plaintiff(s) against Related Claim Defendant(s). All or some Related Claim – Additional Defendant(s), may be state eminent domain actors &/or acting under color of Texas law during all relevant times.

***

Plaintiff(s) hereby request the independent action, new trial, & all reliefs requested against applicable **Related Claim – Additional Defendant(s)** in this document & complaint, & in Doc. 41 of USDC SDTX Houston Cause No. 4:22-CV-03155; including damages, injunctions, declaratory reliefs, attorney's fees, & costs.

<u>MISCELLANEOUS</u>

Plaintiff/Plaintiff(s) have no adequate remedy, & suffer irreparable harm & damages, from *inter alia*, clear U.S. Constitutional/fed. civil rights 14th Amendment equal protection & due process violations & conspiracies of Defendants.

---

[33] Defendant, CWS Galleria, 5250 L.P. (d/b/a "M5250" Apartments), a fed civil rights violation co-conspirator & sued under §1983, 1985, & 1986, resides, domiciles, or headquarters at 9606 North Mopac Expwy, Ste 500, Austin, TX 78759, Travis County. Within this WDTX Fed. Crt's jurisdiction & venue.  *See* 28 U.S.C. §1391(a)(2) & §1391(b)(1).

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Ernest Adimora-Nweke | § | Civil Action No. 4:22-cv-03155 |
| *Plaintiff* | § | |
| v. | § | |
| *Property Acquisition Services, Inc., North Fort* | | |
| *Bend Water Authority, AT&T, Comcast,* | | |
| *CenterPoint Energy, Mark Heidaker, Steve* | | |
| *Bonjonia, & Sean Patrick Kennedy* | | |
| *Defendants* | | |

## DECLARATION of ASSIGNED INTEREST IN CLAIMS & CLAIMS PROCEEDS

Co-Plaintiff, Ngozi Adimora-Nweke, in the cause number above, hereby notice &/or declare to the court, the following, as necessary & proper, & for protection of interest in the claims raised or to be raised in the case with cause number 4:22-CV-03155, & proceeds of said claims:

NOTICE &/or DECLARATION:

My name is Ngozi Adimora-Nweke.  I am a co-plaintiff in cause number 4:22-CV-03155. I am the current co-owner of the 6826 Caddo Lake Lane, Houston, TX 77083 property; the subject property, in the case with cause number 4:22-CV-03155.

Ernest Adimora-Nweke is my son, counsel, & attorney-in-fact on all claims & legal matters resulting on or from the subject property.  Since 2022, my attorney-client relationship with Ernest Adimora-Nweke & Adimora Law Firm, PLLC remains, based on a confidential hybrid contingency fee agreement, and with *inter alia*, these 3 terms as material consideration:

A.  Adimora Law Firm, PLLC & Ernest Adimora-Nweke (a duly Texas licensed attorney with TX State Bar No. 24082602), & their successors & assigns, shall act as my counsel & attorney-in-fact on all claims & legal matters resulting on or from the subject property;

B.  Ernest Adimora-Nweke & Adimora Law Firm receive an assigned & vested present secured interest of <u>undisclosed</u>% in all my claims &/or causes of actions resulting on, resulting from, or relating to the subject property; &

C.  Ernest Adimora-Nweke & Adimora Law Firm receive an assigned & vested present secured interest of <u>undisclosed</u>% in all net proceeds from all my claims &/or causes of actions resulting on, resulting from, or relating to the subject property.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 04/23/2023

Ngozi Adimora-Nweke

UNITED STATES DISTRICT COURT
FOR THE _____ DISTRICT OF TEXAS
_____ DIVISION

| | | |
|---|---|---|
| Ernest Adimora-Nweke | § | Civil Action No. _____ |
| *Plaintiff* | § | |
| v. | § | |
| *Property Acquisition Services, Inc., North Fort Bend Water Authority, AT&T, Comcast, CenterPoint Energy, Mark Heidaker, Steve Bonjonia, & Sean Patrick Kennedy* | | |
| *Defendants* | | |

### PLAINTIFF'S 1st PARTIAL DECLARATORY JUDGMENT AGAINST CITY OF HOUSTON, HL&P/CENTER POINT ENERGY INC., COMCAST, & AT&T
### (Amended Proposed Order)

Ernest Adimora-Nweke & Ngozi Adimora-Nweke, Plaintiff(s), in the case with the style number above, and hereby files this 1st partial declaratory judgment motion against Defendants **City of Houston**, HL&P/CenterPoint Energy Inc., Comcast, & AT&T in the case above.

***

After hearing and consideration, this Court hereby FINDS and CONCLUDES as follows:

All necessary parties have been duly cited and served.

The subject property is 6826 Caddo Lake Lane, Houston, TX, 77083 (aka "Lot 17"), Harris County; & has been jointly owned by (H) Ernest A. Nweke, and (W) Ngozi Adimora-Nweke, as a homestead property, since July 1993.[1] It bears the following legal description:

```
Lot Seventeen (17), in Block One (1), REPLAT OF A REPLAT
OF BRAEWOOD GLEN, SECTION SEVEN (7), according to the map
or plat thereof recorded in Volume 277, Page 124, of the
Map Records of Harris County, Texas
```

The subject property is subject to the following duly recorded deed-Agreements:

    a.  the 1966 HL&P electric transmission and distribution lines easement agreement[2],

---

[1] *See*, Harris County Property Records ("HCPR") File No(s): P358971 (07/27/1993) & U994839 (04/19/2001)

[2] On September 16, 1966, the C.W. Duncan *et al*, the grantors of the land that eventually became subdivided as Lot

b. the "Agreement for Underground Electric Service" with HL&P[3],

c. the subject property's subdivision 1977 Plat[4],

d. the subject property's subdivision 1977 RePlat[5], or

the subject property's subdivision 1978 RePlat of A RePlat.[6]

There are no telecommunications easements or public use leases on the subject property

per the 1978 replat, nor any telecom easement or public use lease agreements that affect the subject

property's enclosures.

Neither the September 16, 1966, HL&P electric transmission and distribution lines

---

17 upon subdivision into single-unit residential homes, entered into an electric transmission and distribution lines easement agreement with the HL&P, CenterPoint's predecessors. It contains an exception that applies to Lot 17: "(**but not across or over the land adjoining said right-of-way**)". Lot 17 is the only Lot within the subdivision that ajoins the conferred easement to HL&P on 9/16/1966. This agreement is still binding on only Lot 17, & on the Duncan *et al* landowner signatories, & all their successors & assigns. *See* HCPR File No: <u>C423806</u>, Filed 12/19/1966.

Neither homestead co-owners including Ngozi Adimora-Nweke, nor Lot 17's seller, had counsel assistance for current owner's acquisition of Lot 17 in 1993. *See* "HCPR") File No(s): <u>P358971</u> (07/27/1993) Post reasonable diligence, homestead owner Ngozi Adimora-Nweke, was never on reasonable notice of HCPR File No: <u>C423806</u>; nor was she on reasonable notice of the contents of the governing deed-Agreements on Lot 17; nor on reasonable notice of counsel necessity in home acquisition transactions. *See* Doc. 60-1, Pg. 9 ("<u>Questions 70 & 71</u>"), Filed in USDC SDTX Cause 4:22-CV-03155 on 3/20/2023, & Filed in Harris County Civil Court at Law 3 Cause 1189868 on 8/30/2023 – filed as pg. 43 of 75 to "**PLAINTIFF(S) (Renewed) Emergency Motion to Vacate & Motion to Transfer, & Tex. R. Civ. P. 162 Motion to NON-SUIT.**" in Harris County Civil Court at Law Crt. 3's Cause No. 1189868.

Hence, Ngozi never had counsel involved in any transaction on her home until her retention of her son, Ernest Adimora-Nweke, in 2022. *See e.g.*, Doc. 41, Pg. 35 of 70, "**Ngozi Adimora-Nweke Affidavit of NFBWA & PAS Water Line Easement Matter**," Pg. 1, ("Ernest Adimora-Nweke is my counsel & attorney-in-fact on all claims & legal matters resulting on or from the subject property. I have had no other counsel involved in any matter on the property."), Filed in USDC SDTX Cause 4:22-CV-03155 on 11/7/2022, & Filed in Harris County Civil Court at Law 3 Cause 1189868 on 8/30/2023 – filed as pg. 26 of 75 to "**PLAINTIFF(S) (Renewed) Emergency Motion to Vacate & Motion to Transfer, & Tex. R. Civ. P. 162 Motion to NON-SUIT.**" in Harris County Civil Court at Law Crt. 3's Cause No. 1189868.

Plaintiff(s) first discovered said HCPR File No: C423806 on 3/24/2022, upon its email receipt from CenterPoint counsel to Ngozi Adimora-Nweke's son & counsel, Ernest Adimora-Nweke (TX State Bar No. 24082602). *See* Doc. 27 CD Exhibits, "**Exhibits HL&P Investigation & Communications, with link to 3.24.22, 4.26.22, & 8.25.22 Video Evidence of Subject Property**" pdf file, Exhibits HL&P Invesitgation & Communications, Pgs. 4-5, Filed in USDC SDTX Cause 4:22-CV-03155 on 10/11/2022 & File in Harris County Civil Court at Law 3's Cause 1189868 on 7/17/2023.

3 *See* HCPR File No. <u>F538775</u>, Filed 04/03/1978.
4 *See* HCPR File No. F273559, Filed 08/26/1977.
5 *See* HCPR File No. F418219, Filed 12/21/1977.
6 *See* HCPR File No. F758989, Filed 9/8/1978.

easement agreement with prior Grantors of the subdivision: C.W. Duncan *et al*;[7] the November 18, 1977, Grantors-Developer "Agreement for Underground Electric Service" with HL&P;[8] the subject property's subdivision 1977 Plat[9], the subject property's subdivision 1977RePlat[10]; nor the subject property's subdivision 1978 RePlat of A RePlat;[11] confer any public use easement or lease rights in the subject property

The 1977 Agreement has no superseding clause to vitiate the 1966 Agreement's terms and its "Grantor's adjoining lot" clause that protects Lot 17.  The plat and replats are irrelevant (a) as they lack a superseding clause to vitiate the 1966 and 1977 Agreement's terms that benefit Lot 17; (b) per the prior reservations ("… restricted for same under the terms and conditions of such restrictions filed separately.") clause in the plat and replats; and (c) per Lot 17 being subject to the 1966 & 1977 deed-Agreements.  *1st Plaintiff's Partial Declaratory Judgment Motion*, Pgs. 4 - 6.

There are no duly recorded agreements for interests in the Lot 17 and its enclosed boundaries, that supersede (a) the prior reservations ("… restricted for same under the terms and conditions of such restrictions filed separately.") clause in the plat and replats, (b) the 1977 deed agreement, and (c) the 1966 deed agreement.  *Tex. Property Code Sec. 13.001*

The 16 ft U.E. ("Utility Easement") on the 1977 Plat[12], 1977 RePlat[13], & 1978 RePlat of A RePlat, refers to the Underground Electric easement conferred HL&P and successors and assigns, per the 1977 "Agreement for Underground Electric Service" with HL&P.[14]

---

[7] *See* HCPR File No: C423806, Filed 12/19/1966.
[8] *See* HCPR File No. F538775, Filed 04/03/1978.
[9] *See* HCPR File No. F273559, Filed 08/26/1977.
[10] *See* HCPR File No. F418219, Filed 12/21/1977.
[11] *See* HCPR File No. F758989, Filed 9/8/1978.
[12] *See* HCPR File No. F273559, Filed 08/26/1977.
[13] *See* HCPR File No. F418219, Filed 12/21/1977.
[14] *See* HCPR File No. F538775, at Pg. 4 ("III. Easements, (A) **Grant of Easements**: (2) Easements along, over, under and across those areas specified as **utility easements** for Company's underground…), Filed 04/03/1978; *See also, Id.* at Pg. 5 ("III. Easements, (D) **Easement Instruments**: Developer agrees to execute the customary additional instruments confirming the easements and rights of way heretofore granted…"); *Accord,* HCPR File No. F418219,

Said 16ft U.E., is located & begins at the rear (i.e., backyard) property line of the subject property's boundary, and does not burden Lot 17's enclosed backyard boundary without Lot 17's homeowner's consent.[15]

Post transfer of title from Developer(s) to any subsequent homeowner, including current homestead owners, neither Defendants in this action, nor any non-homeowner "person," duly acquired easement or any public or mass-commercial use property rights in (a) either Lot 17 or (b) in any of the land within its fenced/enclosed boundaries.

Current homeowners were never approached to give required joint consent, nor gave any joint-consent to any such easement rights.[16]

Current homeowner Ngozi never had counsel involved in any manner on the subject property, until counsel subscribed below.[17]  Hence no statute of limitations issue in this case for any causes of action factually pled:  E.g., the declaratory judgment to quiet title, injunction, and/or claims for damages.[18]

\*\*\*

Wherefore, this Court hereby ORDERS, ADJUDGES, and DECREES that:

(1) **Subject to any drainage public easements** conferred in the Plat, Replat, or Replat of

---

Filed 12/21/1977, at Pg. 4 of 5 ("**NOTES**: 2. U.E. indicates "Utility Easement" and W.L.E. indicates "water line easement'"); *See also*, HCPR File No. F418219, Filed 12/21/1977, at Pg. 3 of 5 (Signatures of William S. Wilson, **Developer** entity - Center Savings Association – President).

[15] *See* HCPR File No: C423806, Filed 12/19/1966 (binding 1966 HL&P agreement's adjoining lot exception binding on Grantors & **all** successors & assigns); *See* HCPR File No. F538775, at Pgs. 4-5 ("III. Easements… (B) **Location of Easements**: … as centered on the **rear property lines of all lots**, and such **additional easement**… as the underground system reasonably requires."); See also, *Id*. at Pgs. 4-5 ("III. Easements… (C) **Additional Easements**: … however this paragraph is **intended to create an obligation binding on the Developer** and the same is **not to be construed as creating a covenant running with the land or as binding on subsequent purchasers** of the lots…").

[16] *See*, Exhibit "**Ngozi Adimora-Nweke [8/24/2022] Affidavit on Comcast, AT&T, & CenterPoint/HL&P Matters**," Pg. 1 – 2 of 4; *See also*, *Tex. Fam. Code Sec. 5.001*.

[17] *See*, Exhibit "**Ngozi Adimora-Nweke [8/24/2022] Affidavit on NFBWA & PAS Water Line Easement Matter**," Pg. 1 of 5; *Accord*, Exhibit "**Ngozi Adimora-Nweke [8/24/2022] Affidavit on Comcast, AT&T, & CenterPoint/HL&P Matters**.

[18] Doc. 1-6, pgs. 2 – 42, Cause 4:22-cv-03155, filed on 9/15/2022; Docs 16 & 17, Cause 4:22-CV-03155, filed on 9/20/2022.

A Replat, Neither HL&P, City of Houston, Comcast, AT&T, or any of their predecessors, successors and assigns, nor any other public or private entity or person, duly obtained any existing easement, lease, or such mass-commercial or public use rights in Lot 17 or its subject property's fenced/enclosed boundaries, pursuant to

 a. the 1966 HL&P electric transmission and distribution lines easement agreement[19],

 b. the "Agreement for Underground Electric Service" with HL&P[20],

 c. the subject property's subdivision 1977 Plat[21],

 d. the subject property's subdivision 1977RePlat[22], or

 e. the subject property's subdivision 1978 RePlat of A RePlat[23]; **AND**

(2) Any **electricity or telecommunication** easement, lease, or such mass-commercial or public use rights in Lot 17 or its subject property's fenced/enclosed boundaries that ever existed, (a) terminated upon transfer of title from Developer & (b) is not binding on current homeowners Ngozi Adimora-Nweke & Ernest Nweke.

Date: _____ Judge Presiding: _____

---

[19] *See* HCPR File No: <u>C423806</u>, Filed 12/19/1966
[20] *See* HCPR File No. <u>F538775</u>, Filed 04/03/1978
[21] *See* HCPR File No. F273559, Filed 08/26/1977
[22] *See* HCPR File No. F418219, Filed 12/21/1977.
[23] *See* HCPR File No. F758989, Filed 9/8/1978.

UNITED STATES DISTRICT COURT
FOR THE _____ DISTRICT OF TEXAS
_____ DIVISION

| | | |
|---|---|---|
| Ernest Adimora-Nweke | § | Civil Action No. _____ |
| *Plaintiff* | § | |
| v. | § | |
| *Property Acquisition Services, Inc., North Fort Bend Water Authority, AT&T, Comcast, CenterPoint Energy, Mark Heidaker, Steve Bonjonia, & Sean Patrick Kennedy* | | |
| *Defendants* | | |

## PLAINTIFF'S 2nd PARTIAL DECLARATORY JUDGMENT AGAINST NFBWA & PAS DEFENDANTS (Amended Proposed Order).

Ernest Adimora-Nweke & Ngozi Adimora-Nweke, Plaintiff(s), in the case with the style number above, and hereby files this 2nd partial declaratory judgment motion against City of Houston, NFBWA & PAS Defendants in the case above.

\*\*\*

After hearing and consideration, this Court hereby FINDS and CONCLUDES as follows:

All necessary parties have been duly cited and served.

The subject property is 6826 Caddo Lake Lane, Houston, TX, 77083, Harris County (aka "Lot 17"); & with the following legal description:

```
Lot Seventeen (17), in Block One (1), REPLAT OF A REPLAT
OF BRAEWOOD GLEN, SECTION SEVEN (7), according to the map
or plat thereof recorded in Volume 277, Page 124, of the
Map Records of Harris County, Texas
```

The subject property is jointly owned by (H) Ernest A. Nweke, and (W) Ngozi Adimora-Nweke, as a homestead property, since July 1993.[24]

Ernest Adimora-Nweke & Ernest A. Nweke are two different individuals.[25]

---

[24] *See*, Harris County Property Records ("HCPR") File No(s): P358971 (07/27/1993) & U994839 (04/19/2001)
[25] *Inter alia*, the different identities of Ernest Nweke (Homestead owner & Ngozi's husband) & Ernest Adimora-Nweke (counsel & Ngozi's son), are easily and **objectively verified** (**a**) via *inter alia*, review of the deed records of

PAS & NFBWA did not provide actual notice to homeowners of the recorded challenged instrument, at any time before April 2022.

Neither PAS nor NFBWA sent a copy to homeowners via certified mail return receipt, as duly and reasonably required.  *See*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950).   The offer leading to the disputed and challenged recorded document, Inst. FC# RP070142867 (*See also*, HCPR File No(s): 20100037723), was & remains void.

The final offer, drafted 12/2/2009 and U.S. post mailed on 12/4/2009, was a broker effort,[26] and PAS had no brokerage license at the time.

PAS became a TREC licensed entity on 5/17/2016, and the listed sponsoring broker is Sean Patrick Kennedy.

Sean Patrick Kennedy was not a licensed broker during the period in question.  The offer was void as it was made without authority.

PAS cannot broker the deal, nor could Sean Patrick Kennedy, the notary of the challenged document.[27]

PAS as an agent of NFBWA, regardless, still made a void offer.

No due process valid appraisal was given homeowners at any time – with or without the

---

the subject property since the Ngozi Adimora-Nweke & Ernest Nweke's 1993 acquisition of the subject 6826 property, AND (**b**) via search of (i) Ernest Nweke (voter certificate # 51988764) & (ii) Ernest Adimora-Nweke (voter certificate # 64782162), in Harris County's voter registration records - available at Harris County Elections Administration's Office website: https://www.harrisvotes.com/Voter/Registration/Voter-Registration-Search); Obtained on 7/15/2023.

[26] NFBWA's 12/2/2009 counteroffer letter fraudulently states "counteroffer accepted" as if PAS was accepting a counteroffer from Ngozi.  (**PAS 000150**) Yet, NFBWA agreed to the terms on 1/27/2010.  (**PAS 000066**).  The 12/2/2009 drafted document looks like a broker activity on behalf of PAS, brokering a deal (**PAS 000150**) for NFBWA. However, their 6/16/2009 letter (Exhibit 3, Pg. 3) says PAS was **retained** by NFBWA, and hence serving as NFBWA's agent vs. broker.  Furthermore, Steve Bonjonia introduced himself to Ngozi as a government agent working on behalf of NFBWA.  NFBWA also participated in the transaction (Exhibit 2, Pgs. 1 – 4), and reviewed the records (**PAS 000073 - PAS 000094**) before the *forged* recorded document's approval and execution by NFBWA, and before (**PAS 000085**) NFBWA issued the fraudulent $1000 payment invoice (**PAS 000046**; Complaint Exhibits, Pgs. 103 – 105; NFBWA Exhibit, Pg. 84); and void unendorsed check (Complaint Exhibits, Pgs. 139 – 140).
[27] *See*, *Texas Occupations Code Secs. 1101.004 & 1101.351*.

offer – as required.[28]

Neither NFBWA nor PAS, nor any Defendants met the burden of proof to show that the subject property homeowners actually received a valid appraisal on the matter, or in compliance with Texas Property Code Chapter 21.

Without providing valid appraisal[29], there is no required "good faith" or "bona fide" offer as statutorily required; nor was there government due process authority to make the offer.[30] There is no evidence that homeowners received any valid appraisal from NFBWA or PAS, at any time; maybe aside of the missing yet void or false 10/28/2009 dated appraisal.[31]

Also, the final offer was sent the same day as the purported acceptance.  Hence, no required due process "bona fide" offer occurred, including initial offer and subsequent offers made before 10/28/2009; no required due process final offer; no valid due process joint acceptance; no consent to notary; no consent to record the forged document.

There was no acceptance without valid offer; nor did valid due process acceptance under the terms of the 12/2/2009 final offer occur as required – especially when dictated in writing.

PAS and NFBWA illegally obtained homeowners' signatures on the purported acceptance document,[32] on the same day 12/4/2009 that their final offer letter for the purported acceptance

---

[28] *See*, *Tex. Prop. Code Sec. 21.0111* .

[29] The appraisal provided via discovery, *inter alia*, contains false valuation.  There is no HL&P easement that burdens the property.  The subject property is the biggest lot in the subdivision.  It contains false valuation.  It's a void appraisal.  **NOTE:**  PAS 000060, PAS 000084, and the false valuation appraisal, PAS 000001 - PAS 000036, cannot be found at the 6826 property after search.  Neither can the third nominal offer letter from PAS (about $690 from what counsel remembers), where Ngozi wrote about Bonjonia's promised and expected return after 12/4/2009.  It is immaterial for declaratory judgment per the 12/2/2009 final offer package PAS sent homeowners, and the lack of acceptance in compliance with the terms (i.e., of the 12/2/2009 drafted and 12/4/2009 post-mailed final offer from PAS).

[30] *Id.*; *See also*, **PAS 000043**; *See also*, **Texas Landowners' Bill of Rights**, Jan 2022 ("(**5**) The entity proposing to acquire your property must provide you with a written appraisal from a certified appraiser detailing the adequate compensation you are owed for your property."); *See also*, **Tex. Prop. Code Secs. 21.0113(a), 21.0113(b) & 21.0113(b)(6)**; *See also*, *Bass v. Hoagland*, 172 F.2d. 205, 209 (5th Circ. 1949) (holding that an act of government or its agency in violation of due process is unconstitutional, and a void act done without authority.)

[31] **PAS 000001 – PAS 000036.**

[32] **PAS 000077**

was post marked[33] – a violation of eminent domain due process 14-day requirement allowed homeowners for acceptance of any such offer.[34]  Hence no valid due process agreement; and the *forged* recorded deed is void – an act without authority.[35]

Amongst others, the 12/2/2009 agreement packet and its W9 was never completed, signed, and returned[36] per terms of the offer requirements, and due process requirements.

Also, there lacks authority to notarize the 12/4/2009 signed signature page, and lacks joint consent to the notarizing of the document by homeowners.  Sean Patrick Kennedy, as an agent of the counterparty – not an independent party to the transaction, and was not present when homestead owners executed the 12/4/2009 document signature page.[37]  He never checked proper identification and unable to know of the material name errors, as he was not present.

Hence, Sean Patrick Kennedy lacks authority to notarize the document.[38]  Also, hence, the document is forged and warrants the declaratory judgment – as it passes no rights or title.[39]

Also, as already explained, no acceptance can precede the offer.

There was no consideration provided homeowners on 12/4/2009 per the 4 corners of the forged deed, hence the forged deed is null and *fraud-in-factum* for lack of consideration.  There was no joint homestead owners' consent to any $1000 acceptance – if alleged per the 12/30/2009

---

[33] Exhibit 6, Pgs. 1 – 2; NFBWA Exhibit, Pgs. 52 – 53.

[34] *Tex. Prop. Code Sec. 21.0113(b)(7)*

[35] *Bass v. Hoagland*, 172 F.2d. 205, 209 (5th Circ. 1949) (holding that an act of government or its agency in violation of due process is unconstitutional, and a void act done without authority.)

[36] Exhibit 6, Pg. 14; NFBWA Exhibit, Pg. 65

[37] *See*, "**Ngozi Adimora-Nweke [8/24/2022] Affidavit on NFBWA & PAS Water Line Easement Matter**;" Pg. 4 of 5. ("There was no notary present. Mr. Bonjonia did not come with a notary. Bonjonia always came alone. The document was not notarized in front of me and my husband.  I never consented to any document being notarized on the matter…")

[38] *See*, attached Texas Secretary of State Exhibit "**Notary Public Education Information**," Pgs. 2 & 6 ("**Introduction**… The primary duty of a Notary Public is to show that a disinterested party (the Notary Public) has duly notified the signer of an instrument as to the importance of such document**… Prohibited Acts**… A Notary Public may not: (**5**) notarize a document without the signer being in the notary's presence;…"). Available online at https://www.sos.state.tx.us/statdoc/edinfo.shtml.  Retrieved on 10/6/2022.

[39] *See*, *Lighthouse Church of Cloverleaf v. Tex. Bank*, 889 S.W.2d 595, 601 (Tex.App.-Houston [14th Dist.] 1994, writ denied).

signature on the invoice.[40]  It is missing Ngozi's signature, hence no joint acceptance.[41]  The unendorsed check #1052[42] is void of signatures of both homeowners to show any valid joint acceptance[43].

Finally, there is also no evidence to support that homeowners were ever on **actual** notice of the forged deed or the recorded version; there is no evidence that they ever received a copy.[44] There is no certified return receipt of any appraisal or of a copy of the forged recorded deed-document, to show that it was sent and received by homestead owners.[45]

Pgs. 1, 2, 3, & 5 of the forged recorded water line easement document hail from a different & subsequently created document; illegally created & altered ***after*** 12/4/2009, & ***after*** NFBWA & PAS illegally secured 6826-homestead owners' signatures via *inter alia*, threats of state-compelled-ouster, false pretense, deceit, & coercion.

The complete forged recorded water line easement document[46] did not exist as of 12/4/2009, when its pg. 4 was signed by 6826-homestead homeowners.  It's pg. 5 signature date was altered from 2009 to 2010, to correspond with NFBWA' signature date & year.[47]  Yet, Pg. 4 of the forged recorded document hails from an unnegotiated draft template from 2009.[48]

---

[40] **PAS 000046**; Complaint Exhibits, Pgs. 103 – 105; NFBWA Exhibit, Pg. 84
[41] *Tex. Fam. Code Sec. 5.001*.
[42] Complaint Exhibits, Pgs. 139 – 140
[43] Complaint Exhibits, Pgs. 111 – 115
[44] **PAS 000059 - PAS 000060**
[45] *Id*.
[46] Inst. FC# RP070142867 (*See also*, HCPR File No(s): 20100037723)
[47] *Id*. at **pg. 5**; *See also*, Doc. 27 **CD** Exhibits, USDC Cause No. 4:22-CV-03155, "NFBWA Exhibits, & Ngozi Adimora-Nweke Affidavit on NFBWA & PAS Water Line Easement Matter (Notarized 8.24.2022)" pdf file name, NFBWA Exhibits, **Pg. 75**; *See also*, Doc. 27 **CD** Exhibits, USDC Cause No. 4:22-CV-03155, "PAS 000001 - PAS 000150_Redacted" file name, **PAS 000052 & PAS 0066**; *Cf*. Doc. 27 **CD** Exhibits, USDC Cause No. 4:22-CV-03155, "NFBWA Exhibits, & Ngozi Adimora-Nweke Affidavit on NFBWA & PAS Water Line Easement Matter (Notarized 8.24.2022)" pdf file name, NFBWA Exhibits, Pgs. **44 & 59**; *Cf*. Doc. 27 **CD** Exhibits, USDC Cause No. 4:22-CV-03155, "PAS 000001 - PAS 000150_Redacted" pdf file name, **PAS 000078 & PAS 000144**.
[48] *See*, Doc. 27 **CD** Exhibits, USDC Cause No. 4:22-CV-03155, "NFBWA Exhibits, & Ngozi Adimora-Nweke Affidavit on NFBWA & PAS Water Line Easement Matter (Notarized 8.24.2022)" pdf file name, NFBWA Exhibits, **Pgs. 40 – 44, 54 – 59**; *See also*, Doc. 27 **CD** Exhibits, USDC Cause No. 4:22-CV-03155, "PAS 000001 - PAS 000150_Redacted" file name, Pgs. **PAS 000074 – 000078** and **PAS 000140 – 000144.**

After NFBWA & PAS illegally secured 6826-homestead owners' signatures on Pg. 4, on 12/4/2009 evening via Steve Bonjonia (via *inter alia*, threats of state-compelled-ouster, false pretense, deceit, & coercion), another NFBWA & PAS agent/staff involved in the matter, a Sean P. Kennedy, subsequently **illegally** notarized the pg. 4 illegally obtained signature page document, without 6826-homesteadowners' knowledge or consent.

There is no evidence that the challenged recorded document, Inst. FC# RP070142867 (*See also*, HCPR File No(s): 20100037723), was duly notarized in accordance with Texas Civil Practice & Remedies Code Sec. 121.005. No credible person can attest under oath that the person who executed the 12/4/2009 instrument, is the person described in it: "**ERNEST ADIMORA-NWEKE**."[49]

Thereafter, NFBWA subsequently created 2010 version of a water line easement agreement, & subsequently inserted/swapped the unnegotiated & illegally secured 12/4/2009 pg. 4 signature page (from the 2009 version), into/as page 4 of the newly altered 2010 version; all without due notice to, joint consideration or joint consent from 6826-homested homeowners.[50]

Ngozi never saw the forged recorded water line easement document until 2022[51]; as *inter alia*, the forged recorded document is a different document from what the 6826 homestead homeowners have ever encountered before April 2022.

---

[49] *Tex. Civ. Prac. & Rem. Code Sec. 121.005*

[50] *See*, Doc. 27, "PAS 000001 - PAS 000150  Redacted" pdf file name, PAS 000140 – PAS 000144, *Cf*. *Id*. at **PAS 000073 - PAS 000078**; *Cf*. *Id*. at PAS 00047 – 00052; *Cf*. *Id*. at PAS 00062 – PAS 00066; *Cf*. *Id*. at PAS 00046.
   • **NOTICE**: PAS 00047 – PAS 00058 was never received by homeowners.  It was not sent via certified mail per course of dealings executed for the June 2009 unnegotiated version. See e.g., *Id*. at PAS 00059 – PAS 00060, & PAS 000139 – 000149.

[51] Doc. 60-1, "Plaintiffs' supplement to pleading & 12(b)(6) response – Ngozi's deposition affidavit," pg. 2 of 40, from *Ernest Adimora-Nweke v. CenterPoint Energy et al*, Cause # 4:22-CV-03155, U.S.D.C. SD. Tx Houston Division, Filed on 3/20/2023.

***

Pg. 4 does not contain the names of the necessary 6826 homestead homeowners.  Ernest Adimora-Nweke is Ngozi's spouse nor a 6826-homestead homeowner with authority to covey rights.  Ernest Adimora-Nweke is the 6826 homestead homeowners' son & counsel.

Ernest Adimora-Nweke was not present at the 6826 property on 12/4/2009, when pg. 4 of the forged recorded document was signed by 6826 homestead homeowners.

Ernest Adimora-Nweke is not the homestead-owner of 6826 Caddo Lake Lane, & was not a licensed attorney until Nov. 2012.  Hence, during the period the challenged recorded document,[52] was created, Ernest Adimora-Nweke, the person written on the challenged forged deed document, lacked any authority to confer any property rights in the subject property; including any rights claimed by NFBWA, PAS, & any of the Defendants in this action.

Neither 6826 homestead homeowners, nor Ernest Adimora-Nweke ever consented to a notary or anyone to notarize the pg. 4 signature page of the forged recorded document.  Neither the 6826 homestead homeowners nor Ernest Adimora-Nweke had ever met or knew the notary.  Neither the 6826 homestead homeowners nor Ernest Adimora-Nweke ever knew nor saw the forged recorded document until 2022.  Neither the 6826 homestead homeowners nor Ernest Adimora-Nweke ever knew NFBWA installed & operated their water pipeline(s) under & through the 6826-homestead property & its backyard enclosures.

No fact issues: no offer, no agreement, forged deed, no authority to record the forged deed.

---

[52] Inst. FC# RP070142867 (*See also*, HCPR File No(s): 20100037723)

***

Wherefore, this Court hereby Orders, Adjudges, and Decrees as follows:

(1) Neither NFBWA nor PAS, nor any of their agents, contractors, predecessors, successors, or assigns, acquired rights in the subject property as described by the challenged instrument; and

(2) The challenged recorded document, Inst. FC# RP070142867 (*See also*, HCPR File No(s): 20100037723), is null and void; and is hereby ORDERED vacated and removed from Harris County property records, and ORDERED removed from that of the subject property's property records.


Date: _____ Judge Presiding: _____

Respectfully submitted,            /s/ Ernest Adimora-Nweke

For Ernest Adimora-Nweke
For Ngozi Adimora-Nweke
For all prior & future subject property owners, residents, invitees, etc.
Plaintiff(s)
c/o Ernest Adimora-Nweke
Adimora Law Firm
TX State Bar #: 24082602.
3050 Post Oak Blvd., Suite 510
Houston, TX 77056
ernest@adimoralaw.com
281-940-5170
*Pro Se*, Counsel, & Attorney-In-Fact for Plaintiff(s)
www.adimoralaw.com

## **CERTIFICATE OF SERVICE**

     I hereby certify that a true copy of the above/foregoing described above, was this day, _____ ___, 20___, mailed to all necessary parties in this case or to the various attorneys of such necessary parties, in due course as allowed by the Court and pursuant to Fed. R. Civ. Pro.

Respectfully Submitted,
/s/ Ernest Adimora-Nweke

Jim McFarland (jmcfarland@jmlawyers.com) – Counsel for PAS, Mark Heidaker, Sean Patrick Kennedy, Steve Bonjonia; Britton Byron Harris (bharris@hhstxlaw.com) – Counsel for NFBWA; Scott Davis (sdavis@hdwlegal.com) – Counsel for CenterPoint; Rick Addisson (raddison@munsch.com) – Counsel for Comcast; Derrick Reed (derrick@srapllc.com) – Counsel for AT&T; Darah Eckert (darah.eckert@houstontx.gov) – Counsel for City of Houston.